ALBANY,
October, 1829.

Dox
v.
Dey.

---

### Dox and Mercer *vs.* Dey.

Agreements are *independent* where, on the one hand an article of merchandize is sold and agreed to 'be delivered *on demand*, and on the other payment is *deferred* until five months after the date of the contract. An action in such case may be maintained for the non-delivery of the article although not demanded until after the time stipulated for the payment of the money; and performance on the part of the plaintiff need not be averred.

This was an action of *assumpsit*, tried at the Seneca circuit, in April, 1829, before the Hon. Daniel Mosely, one of the circuit judges.

The action was founded on a contract in these words: "I have this day sold to John L. Dox & Co. twelve hundred and eighty bushels of first quality merchantable wheat, to be delivered on board of boats at or near the store-house of David Brooks, in the town of Romulus, at any time the said Dox & Co. may require after the first day of April next; and am to receive for the same seventy five cents per bushel, on the first day of September next, and have received one dollar on account of the same. Geneva, March 26th, 1828. (Signed) David Dey;" and underneath it was written this memorandum: "We agree to the above. (Signed) John L. Dox & Co."

The non-payment of the *whole* consideration is no excuse for the non-performance of a contract, where a *part* is received, unless it clearly appears that the payment of the whole consideration was a condition precedent.

In declaring in *assumpsit* for the breach of a contract, it is not necessary to set forth the payment of a part of the consideration, admitted by the contract to have been received.

Nor where the contract is to deliver *on demand*, is it necessary to allege the precise day of the demand; the day not being *material*.

In assessing the damages for the breach of a contract, the jury may allow *interest* by way of *damages*.

A verdict in assumpsit for an amount exceeding the damages claimed in the declaration, is no cause for a new trial.

Where such verdict is found, the plaintiff will not be permitted to amend his declaration by increasing the damages, unless he abandons his verdict, pays the defendant's costs of the trial and of resisting the motion, and consents to a new trial.

The declaration contained three counts; in the first count, the contract was truly set forth. The consideration alleged for the promise of the defendant was the promise of the plaintiffs to accept and receive the wheat, and to pay for it at the rate or price specified in the contract, without averring the payment of the one dollar mentioned in the contract as part of the consideration of the promise or agreement of the defendant ; and a request was stated to have been made after the 1st day of April, to wit, on the 20th day of August, 1828, for the delivery of the wheat, and a readiness averred to receive it. The plaintiffs proved the contract, a tender on the eighteenth day of September, 1828, of the stipulated price, a demand of the wheat on the twentieth day of September, 1828, the refusal on the part of the defendant to deliver it under the contract, and that the value of wheat on the day of the demand was $1,25 per bushel.

ALBANY,
October, 1829.

Dox
v.
Dey.

The plaintiffs resting solely upon the first count of the declaration, the defendant moved that they be nonsuited for a v⁻riance between that count and the proof: 1. In that the count did not aver the payment of one dollar specified in the contract as part of the consideration of the defendant's promise ; and 2. That the demand of the wheat was averred to have been on the 20th August, whereas by the proof it was shewn not to have been made until the 20th September. The motion for a nonsuit was denied.

The judge charged the jury that a sufficient *tender* had been proved to entitle the plaintiffs to recover; that they were entitled to the value of the 1280 bushels of wheat on the day of the demand ; and that the jury might allow interest by way of damages if they thought proper so to do. The jury found a verdict for the plaintiffs for $1670,92 damages.

The defendants now moved to set aside the verdict on a case made, and the plaintiffs asked leave to amend the declaration by increasing the damages *demanded* from $1000 to $2000.

*D. Hudson*, for defendant. The sum of one dollar recited in the contract to have been received by the defendant, forming a part of the consideration of his promise, and being

a material part of the contract, ought to have been averred. Where a promise is founded on several distinct considerations, all must be averred. (3 Caines, 286. 5 T. R. 482.) The proof must correspond with the declaration, and a variance between the contract declared on and that proved at the trial is fatal. (Douglass, 666. 10 Johns. R. 418.)

The defendant was not bound to deliver the wheat until demanded. The plaintiffs were therefore bound to aver and prove a demand. They averred a demand on the 20th August, but did not prove it to have been made until the 20th September. On the day averred in the declaration the plaintiffs' cause of action had not accrued. There was, therefore, a material variance between the declaration and the proof.

The money having become due according to the terms of the contract previous to the demand of the wheat, the payment of the money became a *condition precedent*, and the plaintiffs were bound to have averred in their declaration payment, or a tender or a readiness to pay. (12 Johns. R. 209. 2 id. 207. 1 Salk. 171.) Had the wheat been demanded previous to 1st September, the defendant would have been obliged to have looked to his contract for his remedy ; but the demand having been postponed until the money became due, the delivery of the wheat and the payment of the money were concurrent acts, and the plaintiffs having failed to pay on the 1st September, the defendant was discharged. He was not bound to keep the wheat for the plaintiffs after that day. (8 Johns. R. 257. 13 id. 359.) A subsequent *tender* would not help the plaintiffs.

The judge erred in instructing the jury that they might allow interest on an unliquidated demand by way of damages ; and the verdict is erroneous, being for a greater amount than is claimed in the declaration.

*H. V. R. Schermerhorn & B. Whiting* for plaintiffs. The consideration for the promise of the defendant, was *the promise* of the plaintiffs to pay $\frac{75}{100}$ per bushel for the wheat. The acknowledgement in the contract of the receipt of one dollar could have no other effect than a recipt of so much money en-endorsed on the contract would have had.

The day of the demand for the delivery of the wheat is not material. The declaration avers a demand *after* the first day of April, and states the day of the demand under a *scilicet.* The precise day, therefore, need not be proved.

The promises were *independent,* and the enforcement of the defendant's promise did not depend upon a previous performance by the plaintiffs. Either party was entitled to his action on a failure by the opposite party in the performance of his agreement. (1 Saund. 320, a, note. 1 Salk. 174. 6 T. R. 570. Strange, 569. 2 Johns. R. 145, 272. 10 id. 90, 204.) Besides, here was an absolute sale of the wheat; by the payment of the one dollar, the property passed to the plaintiffs. The defendant was at liberty to sue for the stipulated price without even tendering the wheat. (5 T. R. 409. 1 Saund. 320, a. note.)

A *tender* of the money was not necessary ; but if necessary, the tender made in this case was sufficient.

As to the *interest,* the judge correctly instructed the jury that they, in their discretion, might allow it by way of damages. (1 Johns. R. 315. 2 id. 280. 8 id. 446.)

*By the Court,* MARCY, J. It was contended on the trial, and is insisted here, that there is a fatal variance between the first count of the declaration and the agreement produced in support of it, because in declaring, notice is not taken of the one dollar stated to have been paid on entering into the contract. What is said in relation to this payment is not a substantive part of the agreement, and any mention of it in pleading might therefore have been dispensed with without prejudice to the party setting up the agreement. It was nothing more than an acknowledgment incorporated in the agreement that one dollar towards the consideration had been paid.

Another variance between the proof and the declaration is insisted on by the defendant. By the terms of the contract, the wheat was to be delivered on demand at any time after the 1st of April. The declaration alleged a demand and refusal on the 20th of August, and the proof does not shew a demand till the 18th or 20th of September. It is true, as contended for by the defendant, that no cause of ac-

tion existed against the defendant on this contract until a demand by the plaintiffs and a refusal to deliver by the defendant; but I apprehend that it is a mistake to suppose that the precise day on which the refusal took place need be specified. In proving the breach of a contract, the party is not, in a case like this, confined to the day stated in the declaration. It is sufficient if he show a cause of action which arose before the commencement of the suit.

· It is said, on the part of the defendant, that this is a case of mutual and dependent promises, and that the plaintiffs are not entitled to recover, they not having averred a readiness to pay and proved a tender. In opposition, it is asserted that the promises are independent; and if not, that a sufficient tender was proved on the trial. It is indisputable, that where promises or agreements are independent of each other, each party may have a right of action before he has performed on his part. No readiness is averred on the part of the plaintiffs to pay for the wheat, nor do I connsider the proof as establishing a legal tender. The objection of the defendant, therefore, to the recovery in this case must prevail, unless the agreement to deliver the wheat is independent of the agreement to pay for it.

It is often a matter of great difficulty to ascertain the character of contracts in relation to the distinction of their being *dependent* or *independent*, and a solution of the difficulty is only to be sought in the intentions of the contracting parties, to be gathered from the terms used by them. All the cases on this subject were examined by Sergeant Williams, in a note to *Pordage* v. *Cole*, (1 Saunds. 320,) and certain rules are there laid down for construing contracts with reference to the distinction now under consideration. By these rules, which are not only established by the high authority of the annotator on Saunders' reports, but are adopted by Mr. Chitty, (1 Chitty's Pl. 313,) all doubt as to the contract in question is removed. If a day be appointed for the payment of money, and it is to happen or *may* happen before the thing which is the consideration of the money is to be performed, an action may be brought for the money *before* performance. (1 Saunds. 320. n. 4.) Let this rule be applied

to this case. The money for the wheat was to be paid on the 1st of September, and the wheat was to be delivered when demanded, after the first of April succeeding the date of the contract. The thing to be performed as the consideration for the money was the delivery of the wheat; and as it was optional with the purchasers to demand it before or *after* the money was to be paid, the day for the payment might happen before the thing to be performed. The wheat was not demanded till the 18th of September; but there is no doubt the defendant might have sustained his action for the money, if he had seen fit to sue after the first and before the 18th of that month; and if the agreements would have been construed *independent* as to one party, they necessarily are so as to the other.

ALBANY,
October, 1829.

Dox
v.
Dey.

A part of the consideration (a small part to be sure) was paid; and it seems to be settled, that where a person has received a part of the consideration for which he has undertaken to do some act, he cannot excuse himself for not performing it because he has not received the whole, unless it clearly appears that the payment of the whole consideration was a condition precedent to the performance. I do not think, as the defendant contends, that the delay of the plaintiffs to demand the wheat till after the day stipulated for the payment of the purchase money, thereby made the payment a condition precedent. The original character of the contract could not be changed by the delay to demand the article sold, as long as the right to delay was secured by an express stipulation.

There is nothing in the evidence to warrant the application to this case of the doctrine of the case of *Van Benthuysen* v. *Crapsor*, (8 Johns. R. 257.) There was no actual refusal on demand to pay for the wheat; no evidence of inability; no unreasonable delay. There was nothing in the conduct of the plaintiffs that shewed any intention to rescind or abandon the contract on their part, or to authorise the defendant to do so.

The judge did not, as the defendant's counsel seems to have understood him, direct the jury to allow interest on the sum which they should find the wheat to be worth after the de-

mand; but in ascertaining the plaintiff's damages, he observed they might, if they thought proper from the nature of the transaction, include interest as an item in making up the amount of damages. There was not in this remark any direction contrary to law.

The damages laid in the declaration are $1000, and the verdict $1670,92. The excess of the verdict beyond the damages claimed is one of the grounds on which a new trial is asked. With the case are also papers for a motion, on the part of the plaintiffs, to amend the declaration by increasing the amount of the damages laid in it. The court cannot consider this objection on a case made on the part of the defendant, with a view to obtain a new trial, because, until the record is made up, it cannot be ascertained that the plaintiffs will claim more damages than the sum specified in the declaration. They have a right to remit the excess found by the jury; but if they should make up the record and take judgment therein for the whole amount of the verdict, it would be error. The motion on the part of the defendant for a new trial must therefore be denied.

In relation to the plaintiffs' motion to amend, I find no precedent for it in the reports. At the last term of this court, a similar motion was denied upon the ground that such an amendment would be improper, without giving the defendant an opportunity of reducing the damages, which on the trial he had no occasion to do, by reason of the moderate amount claimed in the declaration. Considering the circumstances of this case, we grant the motion to amend, on condition that the plaintiffs give up their verdict, pay the defendant's costs of the trial and of this motion, and consent to a new trial.

Defendant's motion for a new trial denied. Plaintiff's motion to amend granted on terms.