## SUPREME COURT.

CHARLES M. DAVIS, survivor of CALVIN E. MATHER, agt. LEONARD SMITH.

CHARLES M. DAVIS agt. SAME DEFENDANT.

CHARLES M. DAVIS, DON CARLOS WOODCOCK and GEORGE R. DAVIS, jr., agt. SAME DEFENDANT.

Where there was an issue of law or of fact to be tried in a cause pending when the Code took effect, an *amendment of the complaint* by increasing the amount of damages after the trial, comes within and is authorized by § 459.

Where an amendment of the complaint was asked, by increasing the amount of damages to cover the amount found, and reported by the referee to be due to the plaintiff,

*Held*, that the amendment was allowable under § 169 of the Code, and by previous authority, unless the defendant would be actually misled to his prejudice in his defence upon the merits.

In this case, *held*, that there was no pretence that the defendant, or his counsel, were misled. The action was for professional services by an attorney, and the items were principally made up of bills of costs in various suits; and on the trial every item of every bill was, in fact, contested: the defence was, probably, as fully prepared as it could ever be.

*Albany Special Term, March,* 1857.

MOTION by plaintiff, Davis, to amend the complaint in the first entitled cause, by increasing the amount of damages, &c.

A. B. OLIN, *for plaintiff.*
W. A. BEACH, *for defendant.*

GOULD, Justice. In regard to these causes, I am of opinion that when the Code took effect there was in each "an issue of law or of fact, to be tried;" and therefore the provisions of the Code applied "to the trial and all subsequent proceedings;" (*Code,* § 459;) whether for the purposes of amendments, on the trial or after it, or for any other purposes.

Would, then, the amendment (asked by the plaintiff in the cause first above entitled) of the complaint by increasing the amount of damages claimed so as to cover the amount found by the referee, be an amendment allowable under § 169 of the Code, as not having "*actually misled* the adverse party, *to his prejudice,* "*in maintaining his action, or defence, upon the merits?*"

The only case that has been cited, bearing on this point, and decided under the Code, is *Corning* agt. *Corning.* (1 *Code Rep. N. S.* 351.) That was an action for *assault and battery;* coming fully within the case (*in* 17 *Johnson,* 111,) in which the plaintiff was said to be *the best judge of the injury* he had sustained, and so should be confined to it : and *the amendment was denied.* And, with all deference to the decision in *Corning* agt. *Corning,* that conclusion will, on examination of the cases there referred to, (7 *Cow.* 517 ; 1 *Wend.* 72 ; 3 *Wend.* 356,) be found *not* to be "virtually overruled" in those cases. On referring to the two (of those three) cases that can be said to be analogous to the present case, (7 *Cow.* 517, *and* 3 *Wend.* 356,) it will be seen that the ground stated as the *criterion,* by which to decide the justness of granting the amendment,—(and the amendment *was allowed* in both cases)—is very similar to that fixed by § 169 of the Code.

In *Hoffnagle* agt. *Leavitt,* (7 *Cowen,* 517,) it is said of the amendment, "it should be granted; but that must be *without prejudice to the defendant.* He and his counsel were, in fact, *misled,* so *as not fully to prepare the defence.*" And the only terms there imposed were consenting to a new trial in thirty days; without paying any costs.

In *Dox* agt. *Dey,* (3 *Wend.* 356, 362,) the verdict was founded on the *value of wheat on a particular day;* and there, (in *granting* the amendment *on payment of costs of the trial and motion, and consenting to a new trial,*) the court give this reason : "such an amendment would be improper, *without giving the defendant an opportunity of reducing the damages; which on the trial he had no occasion to do, by reason of the moderate amount claimed in the declaration.*"

In this case there is no pretence that the defendant, or his counsel, were *misled*. The suit was for professional services, by an attorney, and the items were principally made up of bills of costs in various suits. On the trial *every item of every bill was*, in fact, *contested;* the defence was probably as fully prepared as it could ever be: and every attempt made to *reduce the amount*,—that being, indeed, the main effort of the defence. It thus seems to me to come very clearly within the principle both of the Code and of the prior decisions as above quoted. More especially will it be seen to do so, when it is further taken into consideration that *very nearly one half* of the amount reported due, consists of the *interest;* and that that interest *has chiefly accrued since the suit was commenced*.

I shall allow the amendment asked, on plaintiff's paying to defendant $10 costs of this motion.

The other objects of the motion, in all the cases, I will not now pass upon; as I presume that, the main question having been disposed of, the parties will have little difficulty in agreeing on at least the greater part of the details. Should they not, the plaintiffs have (or plaintiff has) leave to move those matters again, on the same papers, or such others as he or they may be advised.

Unanimously affirmed, on appeal, at Albany general term, May, 1857, before Justices WILLIAM B. WRIGHT, HARRIS and GOULD.