## Case No. 4,422.

### ELTING v. CAMPBELL et al.

[5 Blatchf. 183.] [1]

Circuit Court, N. D. New York. Nov. 3, 1863.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

HALL, District Judge. As the defendants do not object to the amendment, upon condition that there shall be a new trial, it is not necessary to examine the question whether the court has power, in its discretion, to grant the amendment asked. This will be taken for granted, and the only question will be as to the terms and conditions upon which the amendment should be allowed.

The practice in this court is substantially that of the supreme court of the state under the constitution of 1821 and the Revised Statutes; and, although the question in this case may be regarded as one depending upon the exercise of a judicial discretion, the practice of the state courts under the Revised Statutes, if settled and uniform, should, unless there are very strong reasons in opposition, be followed on this motion.

The cases in the courts of New York are not entirely consistent. Indeed, they are not likely to be uniform upon a question depending entirely on judicial discretion. In Pease v. Morgan, 7 Johns. 468, an amendment was allowed, in an action of assumpsit, after a verdict for the plaintiff and a writ of error, on the payment of costs subsequent to the filing of the declaration, the defendant having liberty to pay the demand recovered in the court below, without costs, or to plead de novo within twenty days after service of the amended declaration. In Curtiss v. Lawrence, 17 Johns. 111, the plaintiff, in an action of slander, had claimed, in his declaration, $1,000 damages, and had a verdict for $4,250. He then moved for leave to amend the declaration, by increasing the amount of damages. The motion was denied, the court declaring that it had no power to allow the amendment. In Dox v. Dey, 3 Wend. 356, which was an action of assumpsit, on a special contract for the sale and delivery of wheat, the plaintiffs had laid their damages at $1,000, and had a verdict for $1,-670.92. A motion on the part of the plaintiffs to amend, by increasing such damages, was granted on condition that the plaintiffs should give up their verdict, pay the defendants' costs of the trial and of the motion, and consent to a new trial. Mr. Justice Marcy declared that he knew of no precedent for allowing the amendment without prejudice to the verdict, and said that a similar motion was denied at the preceding term. And Hull v. Turner, 1 Wend. 72, seems to have been disposed of in substantially the same way. In Corning v. Corning, 2 Seld. [6 N. Y.] 97, in an action of assault and battery, the judge at the circuit, before receiving the verdict, allowed an amendment of the declaration, increasing the damages claimed to the amount of the verdict, but the order for this amendment was reversed by the general term of the supreme court. In delivering the opinion of the court of appeals, Mr. Justice Jewett says: "Before the adoption of the Code, it was well settled, that the supreme court had no power to allow an amendment of a declaration after verdict, by increasing the amount of the damages claimed, to correspond with the amount of the verdict, except upon the condition that the plaintiff relinquished the verdict, paid the costs of the trial, and consented to a new trial." There are other cases which were cited in support of the motion, but the case of Davis v. Smith, 14 How. Pr. 187, is the only one which is like the present. That case was decided in the third judicial district by three judges, and seems to be opposed to the other cases named above, but the weight of authority is clearly the other way. See Smith v. Allyn [Case No. 13,001].

On the whole case, I think that the motion can be granted only on the terms stated in Corning v. Corning, 2 Seld. [6 N. Y.] 97.