ELIZA COULTER, Respondent, v. THE AMERICAN MERCHANTS UNION EXPRESS COMPANY, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1871.)

Where the plaintiff, while walking upon the sidewalk, was alarmed by the rapid driving of the defendant's express wagon upon the sidewalk behind her, so near as to give her reason for a belief that she was in danger, and in springing on one side, struck and injured herself against a side wall. *Held*, that the jury might award her damages against the defendant, and even although she in fact would have received no injury from remaining in her position on the walk.

A County Court allowed an amendment, after verdict, by which the damages claimed were increased to a sum equal to the finding, no condition being imposed that the plaintiff should relinquish the verdict, pay costs of trial and consent to a new trial.—*Held*, that there was no authority for the amendment, and that the order was reviewable on appeal.

THIS was an appeal by the defendant from a judgment entered upon the verdict of a jury after trial in the Onondaga County Court, and also from an order refusing a new trial in that court.

The case came on appeal to the County Court from the court of a justice of the peace, where the defendant had a verdict for costs. The plaintiff claimed in her complaint for injuries received by jumping against the wall of the Vanderbilt House, in Syracuse, and laid her damages at $100.

The plaintiff gave evidence showing that she had been injured by suddenly springing aside from the sidewalk against the wall of the Vanderbilt House; that she was alarmed by the driving of the driver in charge of the defendant's express wagon, who had driven his horse upon the sidewalk behind and near to her, and startled her by his rapid driving. The plaintiff, without looking to see the wagon, sprang suddenly aside and was injured by striking her face against the wall, badly cutting and bruising her forehead and cheek. There was evidence on the part of the defendant to show that the wagon was not driven upon the walk, and that it was not

driven rapidly; and it was shown that the plaintiff would not have received injury if she had not jumped aside.

The case was submitted to the jury, who found a verdict for the plaintiff for $200, and the defendant objecting to its reception, the plaintiff moved to amend his pleading, and the court, against defendant's objection, allowed an amendment so as to make the plaintiff's claim for judgment $200, and without imposing any terms or conditions upon the plaintiff.

The defendant moved for a new trial in the county court, and appealed from the order refusing it, and from the judgment entered upon the verdict

*R. H. Gardner*, for the appellant.

*J. D. Garfield*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J. If the defendant's driver drove on to the sidewalk, on which the plaintiff was walking, in a rapid manner, and near enough to her to give her reason to deem herself in danger, and if, under this belief, she instinctively jumped against the wall and injured herself, the defendant is liable, and the plaintiff was not chargeable with negligence. (*Buel* v. *N. Y. Central R. R.*, 31 N. Y., 314.)

This was a question for the jury, and they have decided upon conflicting evidence that the defendant's driver was, and the plaintiff was not, guilty of negligence.

This disposes of the merits of the case.

Granting leave to amend, and whether any and what terms should be imposed rests, as a general rule in the discretion of the court, and that discretion cannot be reviewed by the appellate court.

But it seems that this rule is not without its exceptions. One well-established exception is an amendment of the complaint after verdict, increasing the damages claimed in it to the amount of the verdict, unless upon the condition that the

plaintiff relinquish the verdict, pay the costs of the trial, and consent to a new trial. (*Corning* v. *Corning*, 2 Seld., 97, 105; *Dox* v. *Dey*, 3 Wend., 356; *Curtiss* v. *Lawrence*, 17 J. R., 111.

The County Court, therefore, had no power to permit the amendment, and the order is reviewable on appeal. (*Corning* v. *Corning, supra.*)

In this case the plaintiff should be permitted to enter a remittitur of the damages, and the judgment to stand for the amount claimed in the complaint. But if she does not do so within twenty days after notice of this decision that then the judgment be reversed, and new trial granted. Costs to abide event.