HIRAM DECKER, RESPONDENT, *v.* JACOB E. PARSONS, APPELLANT.

*Damages — verdict in excess of the amount claimed in the complaint.*

Where a jury awards damages exceeding the amount demanded in the complaint, the plaintiff cannot amend the complaint unless he abandons the verdict, pays costs and consents to a new trial.

The same rule applies to an action tried before a judge without a jury, by consent.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

*J. P. Sanders*, for the appellant.

*H. O. Southworth*, for the respondent.

BARNARD, P. J.:

This action was brought to recover damages to plaintiff's canal boat. The plaintiff was employed to carry a load of lumber to defendant at Yonkers. Upon his arrival at that place he avers that the defendant told him to go up the Naperton creek to his, defendant's, dock; that the place was safe and free from obstructions. That he, plaintiff, went in at high tide, and that when the tide went out the boat was cast upon a sunken wreck and badly broken.

The plaintiff asked, in his complaint, $500 damages. The evidence upon the trial was very conflicting. The plaintiff and his

witnesses gave evidence tending to show that the direction to go up the creek, and that the same was safe, was given by defendant before the boat went up, and that it was injured, as alleged in the complaint. The defendant and his foreman and clerk gave evidence tending to show that the boat came to Yonkers in a sinking condition, and that the plaintiff asked to go in the creek to keep him from sinking outside, and that there were no sunken wrecks in the creek.

The question of the damage to the boat was not made the subject of dispute, beyond a cross-examination of the plaintiff's witnesses. There was proof upon the part of the plaintiff tending to show that the boat was worth from $1,600 to $2,000 before injury, and from $800 to $1,200 afterwards. That the plaintiff had paid $516 to fit her up again so far as he had done so.

The case was tried by the judge without a jury, by consent. There was no application to amend the complaint upon the trial. The judge, in his findings, establishes the injury at $800, and states therein that the plaintiff having applied to amend his complaint, by increasing the claim to damages, he orders the complaint amended accordingly, and gives judgment for $800, with interest thereon from the date of the injury to the vessel.

I think the amendment erroneous. The trial by the judge was a substitute for a trial by jury. The case was tried upon the claim as made by plaintiff; he could state damages to any amount he chose, and he is the best judge of them. When a jury gives greater damages than are claimed, the plaintiff cannot have judgment unless he remit all over the amount claimed. (*Curtis* v. *Lawrence*, 17 Johns., 111.)

When such a verdict is found, the plaintiff will not be permitted to amend by increasing the damages, unless he abandons his verdict, pays the costs, and consents to a new trial. (*Dox* v. *Dey*, 3 Wend., 356.) In this case, the court say "such an amendment would be improper without giving the defendant an opportunity of reducing the damages, which on the trial he had no occasion to do, by reason of the moderate amount claimed."

Before the adoption of the Code, it was well settled that the Supreme Court had no power to allow an amendment after verdict, by increasing the amount of damages claimed to correspond with

· the verdict, except upon the condition that the plaintiff relinquish the verdict, pay the defendant's costs of trial, and consented to a new trial. The Code has not changed this rule. (*Corning* v. *Corning*, 2 Seld., 97.) For this reason, the judgment and order amending the complaint should be reversed and a new trial granted, costs to abide event.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide event.