ISAAC R. PHARIS, APPELLANT, *v.* R. NELSON GERE, RESPONDENT.

*Demand for damages in the complaint — condition upon which the amount claimed may be increased after verdict — the plaintiff will not be allowed to treble the damages found by the jury if the increased amount will exceed the sum demanded in the complaint.*

The first count in the complaint in this action alleged a forcible entry and detainer by the defendant upon lands of the plaintiff, to the latter's damage to the sum of $3,000, and that by reason of the statute relating thereto, the defendant was liable to pay treble the amount of said damages, and it then demanded a judgment for $3,000, besides costs. The second count alleged a forcible detainer of the said lands to the plaintiff's damage to the sum of $3,000. The complaint, "on account of the foregoing premises," demanded a judgment for $3,000, besides the costs of the action. Upon the trial the jury, under the instruction of the court, found the actual damages to be $2,250. The plaintiff moved to increase the claim for damages to $7,000, and for leave to treble the damages found by the jury. The court denied the motion to increase the amount claimed in the complaint, but allowed the plaintiff to treble the damages, provided he would stipulate to remit all in excess of $3,000 and interest from the date of the verdict.

*Held,* that the order was proper.

APPEAL from an order made at the Onondaga Circuit and Special Term, denying the plaintiff's motion to amend the complaint herein after verdict, by increasing the claim for damages therein to correspond with the verdict, and refusing to allow the plaintiff to treble the damages found by the jury, except upon the condition that he remit the excess beyond the amount of the verdict and interest thereon from the time it was rendered.

*Goodelle & Nottingham,* for the appellant.

*Kennedy & Tracy,* for the respondent.

SMITH, P. J.:

It has long been settled that the court will not amend the complaint after verdict by increasing the amount of damages for which judgment is demanded, without setting aside the verdict and granting a new trial, to give the defendant an opportunity to defend against the enlarged claim. Accordingly in all actions for the recovery of damages, whether sounding in tort or on contract,

the sum in the conclusion of the declaration or complaint must be sufficient to cover the real demand, and it would be unjust to allow it to be enlarged after verdict without granting a new trial, as the defendant may have gone to trial relying that no more damages than the sum claimed could be recovered against him. (*Pilford's case*, 10 Co., 117 *a*, *b*.; *Tomlinson* v. *Blacksmith*, 7 T. R., 128; 1 Ch. Pl. [14th Am. ed.], 339, 418; *Curtiss* v. *Lawrence*, 17 Johns., 111; *Dox* v. *Dey*, 3 Wend., 356; *Fish* v. *Dodge*, 4 Den., 311; *Corning* v. *Corning*, 2 Seld., 97; *Coulter* v. *Express Company*, 5 Lans., 67; *Decker* v. *Parsons*, 11 Hun, 295.) The Code has not changed the rule. (*Corning* v. *Corning; Decker* v. *Parsons, supra*.)

The complaint in this action contained two counts: the first charged a forcible entry and detainer upon lands of the plaintiff to his damage of $3,000, and alleged that thereby "the defendant by force of section four of the statute of 'trespass on lands' forfeited and became liable to pay treble the amount of said damages," and the same count concluded by a demand of judgment for the sum of $3,000 besides costs. The second count alleged a forcible detainer of the same lands to the plaintiff's damage of $3,000. The complaint concluded as follows: "Wherefore, on account of the foregoing premises, said plaintiff demands judgment against said defendant in the sum of $3,000, besides costs of this action." At the trial the court instructed the jury that they had nothing to do with the question of treble damages, but that was for the court alone, and they were only to find the actual damages, if any, sustained by the plaintiff. The jury by their verdict found, under the first count, that there was a forcible detainer, and found for the plaintiff in the sum of $2,250. Thereupon the plaintiff moved to amend the complaint by increasing the amount claimed in the prayer thereof from $3,000 to $7,000, and that the amount of damages found by the jury be trebled. The court denied the motion to amend, but gave the plaintiff leave to enter an order multiplying the amount of damages found by the jury by three, upon his filing a stipulation remitting all of said sum so resulting in excess of $3,000 and interest thereon from the date of the verdict, and to enter a judgment for said sum of $3,000 with interest, and no more.

The order was strictly in accordance with the rule and practice of the court above stated. The complaint claimed only $3,000

damages. The fact that the first count alleged that the defendant had become liable to pay treble damages, did not enlarge the claim for damages made at the conclusion of that count and at the conclusion of the complaint. The plaintiff having limited his claim for damages to the sum of $3,000, could not take judgment for any greater sum, either as single or treble damages.

The motion to amend was properly denied. So far as appears, the plaintiff asked to be allowed to amend unconditionally and not upon the usual terms of paying costs and taking a new trial.

The order should be affirmed, with ten dollars costs and disbursements.

HARDIN and BARKER, JJ., concurred.

So ordered.