Haight, J.
The complaint alleged a breach of contract by the defendant in refusing to let the plaintiff build a barn for her, in which , he suffered damages to the amount of $100; also for services rendered under the contract of the value of twenty-five dollars; also for drawing plans and specifications of the value of twenty-five dollars, and demanded judgment for the sum of $150, being the exact amount for the three several items stated in the complaint. The answer denied the allegations of the complaint. The jury rendered a verdict for $145. The evidence upon the subject as to whether or not a contract was ever made between the parties is conflicting, and it consequently became *309 a question of fact for the jury. A careful reading of the case leaves some doubt in our minds .as to whether exact justice has been done, but we are unable to say that the verdict is so against the weight of evidence as would justify a reversal upon that ground.
It appeared upon the trial that the plaintiff had staked out the land upon which the barn was to be constructed, and, if as the jury has found, the contract was in fact made, this act may be deemed a part performance of the contract and therefore takes it out of the statute of frauds.
Upon the trial the defendant sought to show that the plaintiff had other jobs on hand at the time he entered into the contract to build the barn for her. This evidence was offered in mitigation of damages. It was excluded and exception taken. The appellant invokes the rule that where a person has contracted his own services or that of his team, carriage, boat, etc., and is denied the privilege of performing the services contracted for, that he is not justified in lying idle for the whole length of time within which the services were to be rendered, but that it was his duty to accept other service and thus mitigate the damages suffered by the breach of the contract. But in this case the plaintiff was a building contractor. We do not understand that the work was to be done personally by himself, but was to be done by his employees, under his superintendance. In this way he could carry on the construction of several buildings at the same time and be entitled to the profits that he could make upon each. The rule invoked consequently has no application to the case here presented.
Upon the trial the plaintiff testified that the contract was. that he should be paid $850 for building the barn and furnishing the material; that he could have done the work for $125, thus leaving a profit of $125. The defendant gave no evidence upon the question of damages. The court charged the jury that if the contract was made and there was a breach thereof by the defendant that then the plaintiff was entitled to recover the sum of $125. It is possible that this charge was erroneous, for the jury might not have believed that the damages were as great as the plaintiff claimed or stated But the difficulty is, this portion of the charge does not appear to have been excepted to. The defendant’s counsel did except to that portion of the charge of the court, in which the court stated the amount of damages the plaintiff is entitled to recover upon the contract as being the difference between the contract price and what it would have cost him to construct the building. But this exception only has reference to the rule or measure of damages and does not cover the amount.
It is also contended that there could be no recovery for a. *310 breach of the contract for the reason that the complaint demanded pay for the services rendered under it, and that pay for such services afforded the only relief to which he was entitled; that there could not be a recovery for both the damages for breach of the contract and the services rendered under it. But it appears that the plaintiff waived the right to recover for such services and consented that that claim be stricken from the complaint. This doubtless entitled him to recover as damages the difference between the contract price and what the work and material would actually cost.
The verdict,_ as we have seen, was for $145. The only counts remaining in the complaint upon which the plaintiff was entitled to recover, were for the damages resulting by reason of not permitting him to perform the contract which he testified was $125, and the pay for preparing the plans, which he testified was worth twenty dollars, which added to the $125, made the $145, the amount of the verdict. It is thus apparent that the verdict must have been made up in that way. The allegations of the complaint are that the damages upon the breach of the contract were $100, and the value of the services for preparing the plans, twenty-five dollars, which added together would make the sum of $125. The plaintiff having struck from the complaint, the count for services rendered under the contract of the value of twenty-five dollars must be deemed to have reduced his demand for relief in that sum as that demand was, the amount of the three several items claimed in the complaint. It will thus be seen that the recovery was greater than the, amount demanded.
The inquiry is made as to whether the plaintiff has the right to enter and maintain a judgment for a sum greater than the amount demanded by him. This question was recently considered by this court in the case of Pharis v. Gere (31 Hun, 443), in which it was held that the judgment cannot be main-1 tained for the excess and that the motion to amend the complaint so as to demand damages for the amount of thé verdict would not be allowed except upon terms, and the granting of a new trial. This decision was based on a long fine of authorities commencing at an early day and adhered to after the adoption of the Code. It was upon the theory that a defendant had the right to rest his case upon the demand made in the complaint and not anticipate that an award would be made greater than the amount asked for. Curtis v. Lawrence, 17 Johns., 110; Dox v. Dey, 3 Wend., 356; Fish v. Dodge, 4 Denio, 311; Corning v. Corning, 6 N. Y., 97; Coulter v. Express Co., 5 Lans., 67; Decker v. Parsons, 11 Hun, 295; Knapp v. Roche, 5 J & S., 395, 406.
But it is urged that the final demand for judgment *311 for the sum of $150, cures this defect. As we have already seen, the $150 was made up of the three items embraced in the complaint, one of which was by the request of the plaintiff stricken out.
In the case of McIntyre v. Clark (7 Wend., 330), the complaint contained two counts. The first count alleged damages in the sum of $4,817.84, and the second count demanded a like sum. The final relief demanded was for the sum of $9,635.68. The verdict was for $7,000. It was held that there could be recovery upon but one count, and that it was for a greater sum than demanded in that count and consequently that the verdict should be set aside and a new trial granted. This case is in point and should be followed, unless it has been overruled or the law changed.
Our attention has been called to the case of Schultz v. The Third Avenue Railroad Co., 89 N. Y., 242. The complaint in that case contains three counts for a personal injury. The damages in each count was stated to be $10,000. The complaint concluded with a prayed. for judgment for $20,000. The three counts were for one and the same injury alleged in different forms. Upon the trial the court charged the jury that the plaintiff could recover only by satisfying the jury that he was pushed or thrown from the car. The first count in the complaint contained the allegation that he was violently pushed or thrown from the car. The jury rendered a verdict for $15,000. Earl, J., in delivering the opinion of the court, says: “That the general prayer for damages at the conclusion of the complaint must control, in the case. It is clear on the face of the complaint that all the counts have referred to the same accident and the same injury and the different counts really allege the same cause of action in different forms.
The action was commenced to recover on account of thó one injury caused by the defendant at the time and place named in the complaint, and in such a case the allegation at the end of each comit, of the damage which the plaintiff sustained may be disregarded, the general payer for judgment being sufficient to authorize and uphold the verdict.” He further proceeds to state that the complaint could be amended, but is silent upon the terms upon which' an amendment could be granted. The judgment was reversed upon other grounds, and it consequently was not necessary for the court to pass upon this question, and it must consequently be regarded as obiter.
This case cannot be regarded as ha harmony with the previous cases upon this subject, and it is not easy to determine how far it was intended to change the rule. But inasmuch as it is silent upon the discretion vested in this court as to the terms that should be imposed upon granting *312 .'the-amendment, we think the old rule should be adhered to, and the amendment, after verdict, only granted upon . condition of granting a new trial. But the case at bar is clearly distinguishable. The damages demanded arise out of contract and are for separate and.distinct transactions; whilst in the case to which we have alluded, the three counts were for the same injury, and the three counts allege but . one cause of action, and the opinion appears to have been based upon these facts. But this question is not raised by any exception appearing upon the record, and it does not appear to- have been embraced in the motion for new trial made in the court below, and inasmuch as we are now reviewing the case upon an appeal from the judgment and order denying motion for new trial, we fail to see how the question is before us or how we can grant the appellant the relief he asks for.
Again, the plaintiff claimed pay, as we have seen, for drawing plans. He testified that he drew a plan for the barn and presented it to the defendant, and that it was not accepted; that he then drew another plan, and that was accepted; that the plans were worth ten dollars each. The second plan was presented in court and inspected by the jury. The first plan was not there.
Upon the cross-examination of the plaintiff he was asked if the plans presented in court were more elaborate than the first plans drawn. This was objected to; objection sustained and exception taken by the. defendant. It appears to us that this evidence was competent. The plaintiff was claiming pay for services rendered in drawing these plans. The plans presented in court, he testified, were worth ten dollars. The jury, by inspecting them, could determine something as to the amount of work performed upon them. The defendant had the right to show that the first plans were not worth as- much as those in court. The jury awarded twenty dollars for these plans, and consequently must have allowed ten dollars for the first plans. This error can only be cured by striking out the amount allowed.
■ The judgment and order should be reversed, and a new trial granted, with. costs to abide the event, unless the plaintiff, within twenty days, stipulates to reduce the judgment to $135, being damages on contract $125, services in preparing the plan accepted $10, in which case the judgment be so modified, and as so modified affirmed, without costs of this appeal to either party.
Smith, P. J., and Bradley, J., concur.