## DAVIS *v.* KANSAS CITY, S. & M. R. Co.

*(Circuit Court, W. D. Tennessee.* December 14, 1887.)

JURISDICTION—AMOUNT IN CONTROVERSY—ACT OF MARCH 3, 1887—AMENDMENT OF THE DECLARATION.

> In an action for damages to property by a railroad company occupying a street, the *ad damnum* of the writ and declaration was laid at $1,500 in ignorance of the new act of congress of March 3, 1887, increasing the minimum limit of the jurisdiction to $2,000; but, on motion to dismiss, the plaintiff asked leave to amend by increasing the *ad damnum. Held,* that the amendment should be allowed, since it did not satisfactorily appear from the nature of the case, and the circumstances shown, that the damages were not in fact larger than the original claim. It is only when the court can plainly see that its jurisdiction is being fraudulently invoked that it will deny the amendment or dismiss the cause.

*W. M. Randolph,* for plaintiff.
*C. H. Trimble,* (*J. M. Greer,* with him,) for defendant.

HAMMOND, J.   The motion to dismiss for want of jurisdiction is based on the fact that the *ad damnum* in the writ and declaration is less than $2,000, the amount fixed as the minimum limit of our jurisdiction by the act of March 3, 1887, c. 373, (24 St. 552,) the suit having been commenced a few days after that act was passed, evidently in ignorance of the changes made by it.   The plaintiff moves to amend the writ and declaration by increasing the *ad damnum* to $2,500, but this motion the defendant resists, on the ground that it is manifestly made to give the court a fictitious jurisdiction.

By the Revised Statutes, (sections 948 and 954,) the power and duty of the courts to allow amendments most liberally has been long established, and no practice is more generous in that regard than that of our federal courts.   In one case, the *ad damnum* was amended, after verdict, to include damages given by the jury, which were larger than the sum claimed by the writ and declaration.   *Elting* v. *Campbell,* 5 Blatchf. 183. If the factitious circumstance of the passing of this new act of congress a few days before the suit was brought did not exist in this case, no resistance to this motion would be thought of by the defendant; and the position that the plaintiff should show, by affidavit or other proof, that he had reasonable grounds for a larger estimate of his damages than he made when the suit was brought, would not be taken, for it is certain that neither in the state practice, nor our own, has that ever been required on a motion to amend the *ad damnum* in a case where the cause of action was like this.   The plaintiff has a right to claim what damages he pleases, either when he institutes his suit, or afterwards by amendment, and I cannot think that this adventitious circumstance of a change in the amount of our jurisdiction can at all influence that right.   There is a strong suspicion, no doubt, that he wishes to make the change to meet the requirements of the new act of congress; and that may be the fact: yet we do not know that it is a fact, and in the very nature of the case

it may be that his damages are really larger than $2,000, instead of being only $1,500, as he at first laid them in his writ. We cannot judicially know that he is acting fraudulently to give us jurisdiction, rather than that he is acting honestly to correct a former error of judgment, and this is what the contention against the motion means.

Indeed, where our jurisdiction depends on the amount in dispute, and the cause of action is one in which, from its nature, the plaintiff is at liberty to lay what damages he pleases, as in libel, slander, or other injuries to person or property, I am not prepared to say that he may not deliberately overestimate them in order to give a particular court jurisdiction. It has been held that one may deliberately move into another state, and acquire a diverse citizenship, in order to give the United States courts jurisdiction of his cause of action; and I have heard, when at the bar, one eminent circuit judge, now deceased, say from the bench that such conduct might be "an exhibition of both good taste and good judgment" by the party to a suit. And so it might be, if the party's conduct were reversed to give a state court jurisdiction. Rightfully, he has his choice. These courts cannot, at least, treat it as conclusive evidence of a fraudulent intent for a plaintiff to increase his estimate of the damages to his person or property a few hundred dollars, that he may invoke their jurisdiction, where the amount that a jury may give is so uncertain, and the estimate so entirely within his own control. The Revised Statutes, by section 968, which strangely seems not to have been conformed to the new act of congress, provide a remedy against any overestimate by the denial of costs where the recovery is less than $500. I do not see that the courts have power to impose any additional penalties or restrictions by refusing amendments in a case like this.

The cases of *Bowman* v. *Railroad Co.*, 115 U. S. 611, 6 Sup. Ct. Rep. 192, and *Hartog* v. *Memory*, 116 U. S. 588, 6 Sup. Ct. Rep. 521, (cited by defendant's counsel,) have no application here. The first was a suit for damages against a common carrier for refusing to carry 1,000 kegs of beer, and the damages, necessarily limited to the value of the beer, were at first stated to be $1,200 in the writ and declaration; and from the nature of the cause of action, and the facts on which it was based, appearing in the case, it was apparent that the increase by the amendment was colorable, and that the real amount in dispute was less than the jurisdiction. The second only establishes a well-recognized rule that courts will not allow their jurisdiction to be collusively imposed upon, and will direct an inquiry into the facts. So, in *Lee* v. *Watson*, 1 Wall. 337, it appeared, after trial as well as before, that the amendment to the declaration claimed more than the actual amount in dispute, and was therefore colorable; for it is well settled by these and all the cases that where such fact appears the court has no jurisdiction.

The trouble here is that no such showing is made. It is an action for damages to the plaintiff's property for laying a railroad track in the street upon which the property is situated. The measure of damages, as we hold in similar cases, is the difference in value between the property

with the obstructions to plaintiff's right of access to his property, and without the obstructions. The declaration describes the lot by metes and bounds, and its situation in the city of Memphis, but nothing in the averments or elsewhere shows the value of the lot or anything from which it may be fairly inferred or by judicial knowledge fairly determined; nor does any fact appear to show the extent of the injury except alone the original claim that it was the sum of $1,500. On an application to amend this averment, we are asked to hold the plaintiff to that claim, in order to defeat the jurisdiction. If we could see conclusively from the facts showing the cause of action that the damages sustained are less than $2,000, or if we could fairly infer from the original claim in the writ and declaration that they are less, we should refuse this amendment, no doubt. But it certainly does not conclusively appear that the damages are less, and they may be more; nor is it a fair inference from the circumstances that the plaintiff's original estimate was correct, and that it should preclude him from claiming that the damages are more. The difference between the amount of $1,500, which he originally claimed, and the limit of the jurisdiction, is only $500; and in a case of damages to property, like this in controversy, that small sum does not fairly indicate a fraud upon the jurisdiction such as appeared in the adjudicated cases already referred to, and which might be considerably increased by other citations. None of the cases go as far as we are asked to go here in refusing an amendment which is, to say the most of it, suspicious only under circumstances quite extraneous to the plaintiff's case, and not otherwise suspicious at all.

The motion to amend is allowed, and the motion to dismiss for want of jurisdiction is disallowed.