Appellate Term, First Department, January, 1920.    [Vol. 110.

JOSEPH H. COHEN, and Another, etc., Respondents, v.
ASHER PERSKY, Appellant.

(Supreme Court, Appellate Term, First Department, January, 1920.)

Pleading — damages — when complaint cannot be amended after
verdict.

> After the verdict in a vendee's action to recover for breach
> of contract, the court has no power to allow an amendment to
> the complaint by increasing the claim for damages to the amount
> of the verdict.

APPEAL by defendant from a judgment of the City
Court of the city of New York in favor of plaintiffs,
entered upon the verdict of a jury.

Cohen, Haas & Schimmel (Isidore Cohen, of coun-
sel), for appellant.

Morris J. Junger, for respondents.

MULLAN, J.  The plaintiff vendees sued the defend-
ant vendor for breach of contract, claiming in their
complaint a damage of $951.  Immediately after the
jury was impaneled and sworn, plaintiffs' counsel
moved for the allowance of an amendment increas-
ing the demand to $1,950, whereupon the learned trial
justice said he would take the proofs, and that the
motion might be thereafter renewed.  Evidence suffi-
cient to show a considerably greater damage than
$951 was adduced, and when both sides had rested
plaintiffs' counsel said: '' I move to increase the
amount,'' to which the court replied: '' I will leave
it to the jury in my charge as to the amount.''  The
court's instructions to the jury in respect of damage
were as follows:  '' It is your duty, if you find for

the plaintiffs at all, to assess such damages as you, in your judgment, deem proper. The figures given are not binding upon you at all. They are merely to guide you. It is for you to find what damages the plaintiffs sustained, if any. It is immaterial whether the plaintiffs claim $951, $1,500 or $1,700 it you please. You may find in such an amount as you, in your good judgment deem proper, taking the various items as a guide." At the conclusion of the charge due exception was taken by defendant's counsel to the quoted part of it.

The jury returned a verdict for plaintiffs in the sum of $1,177.50, whereupon plaintiffs' counsel said: "I move to amend my complaint to increase the amount to $1,200," to which the court replied: "Motion granted. Conform the pleadings to the proof," and defendant's counsel took an exception. I am of the opinion that both principal and authority alike support the appellant's contention that the amendment was unauthorized. In *Corning* v. *Corning,* 6 N. Y. 97, 105, Jewett, J., said for the court: "Before the adoption of the code, it was well settled that the supreme court had no power to allow an amendment of a declaration after verdict, by increasing the amount of damages claimed, to correspond with the amount of the verdict; except upon the condition that the plaintiff relinquished the verdict, paid the defendant's costs of the trial, and consented to a new trial. (*Dox* v. *Dey,* 3 Wend. 356; *Curtiss* v. *Lawrence,* 17 Johns. 111). The code has not changed this rule." The same rule was stated in *Decker* v. *Parsons,* 11 Hun, 295; *Pharis* v. *Gere,* 31 id. 443, and *Bradley* v. *Shafer,* 64 id. 428. In the *Pharis* case, Smith, P. J. said for the court: "It has long been settled that the court will not amend the complaint after verdict by increasing the amount of damages for which judg-

ment is demanded, without setting aside the verdict and granting a new trial, to give the defendant an opportunity to defend against the enlarged claim. Accordingly in all actions for the recovery of damages, whether sounding in tort or on contract, the sum in the conclusion of the declaration or complaint must be sufficient to cover the real demand, and it would be unjust to allow it to be enlarged after verdict without granting a new trial, as the defendant may have gone to trial relying that no more damage than the sum claimed could be recovered against him. (*Pilford's Case,* 10 Co. 117 a, b; *Tomlinson* v. *Blacksmith,* 7 T. R. 128; 1 Ch. Pl. [14th Am. Ed.], 339, 418; *Curtiss* v. *Lawrence,* 17 Johns. 111; *Dox* v. *Dey,* 3 Wend. 356; *Fish* v. *Dodge,* 4 Den. 311; *Corning* v. *Corning,* 2 Seld. 97; *Coulter* v. *Express Company,* 5 Lans. 67; *Decker* v. *Parsons,* 11 Hun, 295.) The Code has not changed the rule. (*Corning* v. *Corning; Decker* v. *Parsons, supra.*)'' In his statement of the reason for the rule against allowing an increase of claim after verdict, Judge Smith seems to have followed the opinion of Lord Kenyon in *Tomlinson* v. *Blacksmith,* 7 T. R. 132. That reason, however, would apply with equal force to a similar amendment made during the trial, and before submission to the jury, and it has for some time been good and common practice to permit such an amendment where it is seen that the defendant is not thereby placed at a disadvantage. *Knapp* v. *Roche,* 37 N. Y. Super. Ct. 406, and cases there cited; 62 N. Y. 614. But it seems to go almost without saying that a defendant ought to know, before a case goes to the jury, what the maximum of the claim against him then is. He has, for example, need of such knowledge for the purpose of summation, and as part of the essential body of circumstance that must be before him in order that

he may be able intelligently to make an offer of settlement, in case he be disposed by settlement to escape the hazard of a jury's determination. It would be wholly opposed to our system of jurisprudence to allow a jury to fix a limit of a plaintiff's claim, thus, in an important particular, commencing the litigation with a verdict and ending it with a complaint.

Judgment reversed, new trial ordered, with costs to appellant to abide event.