Judgment for the defendant.

---

## WILCOX *against* TEN EYCK.

By articles of agreement, dated 9th *September*, 1807, *A.* covenanted to execute a deed in fee for a certain farm to *B.* on the 15th *May*, 1808, &c. in consideration whereof, *B.* covenanted to pay to *A.* 50 dollars in 4 weeks after the date of the agreement, 50 dollars in 3 weeks thereafter, and 900 dollars on the 15th *May*, 1808, &c. it was held, that the covenants were mutual and independent; and that where covenants are once established to be mutual and independent, they continue so throughout, though the plaintiff had covenanted to do certain acts on his part, in the intermediate time, between the performance of the different acts to be done by the defendant.

THIS was an action of covenant. The declaration stated, that by articles of agreement, under seal, dated the 9th of *September*, 1807, the plaintiff covenanted with the defendant to execute to him in fee, on the 15th of *May*, then next, a warranty deed of a certain farm, &c. which farm was then in the possession of the plaintiff, and of which *James Van Valkenbergh* held a bond and mortgage which the plaintiff covenanted was not enforced; (*i. e.* foreclosed;) and that the same should be settled and paid off, as far as its demand extended to the said 15th of *May*, (*i. e.* that the sum then to be due should be discharged,) at which time the plaintiff was to be discharged from the said bond and mortgage; in consideration whereof, the defendant covenanted to pay the plaintiff, in four weeks from the date of the articles, 50 dollars, and three weeks thereafter, another 50 dol-

lars, and on the 15th of *May* then next, 900 dollars, and to pay the demand on the said bond and mortgage, which should become due after the 15th of *May* then next, and to give a lease to the plaintiff for one year from the said 15th of *May*, of the farm; and the plaintiff covenanted to deliver into the barn of the defendant, half of all the spring grain, one-third of the corn in the crib, and half of the hay in the barn and in stacks; and not to summer fallow any ground, but to leave the ground west of the house fallow for the defendant: and the plaintiff reserved the privilege of taking away all the wheat and rye which he should sow on the premises that fall, (*i. e.* the fall of 1807;) and the plaintiff further covenanted not to waste the timber; and for the performance of the covenants, each party bound himself to the other, in the sum of 500 dollars. The plaintiff, *protesting* that the defendant had not performed any of his covenants, averred that the defendant did not pay the 50 dollars, either four weeks from the date of the articles, or since; nor the 50 dollars within three weeks thereafter, nor since; nor the 900 dollars on the said 15th of *May*, nor since; nor the demands become due on the bond and mortgage after the said 15th of *May;* and he further averred, that 1,046 dollars, with interest, had become due on the said bond and mortgage, after the said 15th of *May;* and so he saith, &c.

To this declaration there was a general demurrer, and joinder.

*Henry*, in support of the demurrer. He cited 2 *Johns. Rep.* 207.

*Ford*, contra. He cited 2 *Johns. Rep.* 272. 387.

*Per Curiam.* The covenants here are mutual and independent. This case cannot be distinguished from that of *Seers* v. *Fowler*, (2 *Johns. Rep.* 272.) and of *Terry* v. *Duntze*, (2 *H. Bl.* 389.) If the covenants be once established to be independent covenants, they continue so throughout, although the plaintiff had covenanted to do certain acts on his part, in the intermediate time, between the performance of the different acts to be done by the defendant. There must be judgment for the plaintiff.

Judgment for the plaintiff.