The cause being continued for advisement, the opinion of the Court was delivered at this term by
* Parker, C. J.
The indenture, upon which this action is brought, must be considered as the deed of" the de *329 fendants ; it is sealed with their seals, and signed by them in their private capacity ; and it appears, from the tenor of the instrument, that they intended to covenant that the corporation should do the things set forth in the instrument.
Whether the replication is good or not, depends upon the nature of the covenants contained in the indenture, whether they are dependent or independent; and this must be determined according to the intent of the parties, to be collected from the indenture itself, and from a common sense view of the contract between the parties.
It appears, that the defendants contemplated an improvement of their estate, to which the plaintiffs might have made a reasonable ob jection, because the profits of their estate would be diminished thereby. They, therefore, in consideration of an equivalent, which the defendants stipulated to give them, covenanted to withdraw any opposition, and to sell to the defendants the estate which might be prejudiced by the projected improvement. This equivalent was to be a new mill, which was to be erected by the defendants and conveyed to the plaintiffs. The improvement has been made, to the prejudice of the plaintiffs’ estate ; but nothing has been done towards erecting the new mill. The plaintiffs’ estate is prejudiced by the erection of a dam, without a mill. The question is, whether the neglect of the defendants to build the mill, within a reasonable time after the erection of the dam, and thus to prepare themselves for executing the whole of their contract, is not a breach of their covenants, within a fair and equitable construction of them.
It is said, that the plaintiffs ought to have made a conveyance of the old mill, or to have tendered one, before they could demand a performance of the covenants by the defendants. This would have been necessary, if the defendants had done nothing in the premises, and the * plaintiffs had wished to compel them to a performance. If such conveyance had been necessary to the execution of the improvements intended by the defendants, an offer to convey would have been a necessary preliminary on the part of the plaintiffs. But it does not appear, nor is it probable, that a title to the old mill was at all essential to the defendants in the prosecution of their scheme. Their object was, to build a dam, which would necessarily diminish the profits of the old mill. The dam is built, and so far their object is accomplished. Now it would be unreasonable to require of the plaintiffs a tender of a conveyance of their title, when they saw the dam finished, without any preparation made by the defendants to provide the equivalent stipulated for the conveyance of their title, and the loss which would accrue to them in consequence of the erection of the dam. This would be to expose them to certain loss, in case the defendants should be unable to fur *330 nish them with a new mill, or pay to them the value of the old one in damages.
Upon these considerations, we are of opinion, that the covenant to build a new mill, on the dam which was to be erected, is an independent covenant. For it was necessary that so much should be done, in order to enable the defendants to execute the residue of the contract. That part of the covenant, which relates to the conveying of the new mill, might justly be considered as dependent upon the covenant of the other party to convey the old mill; so that the damages for this breach of covenant will be the diminution of the value of the old mill, by the erection of the dam ; leaving the estates of both parties as they were when the indenture was executed.
As to the want of an averment that the old mill was stopped from grinding, which the counsel for the defendants has contended to be necessary to entitle the plaintiffs to recover, because the stipulation was, to convey the new mill in sixty days after the old mill should stop ; in the view before given of the covenants, such averment is not necessary. The breach of the defendants’ covenant is, the * not building of the mill by which the old mill was to be stopped. The defendants have stopped at the threshold, and have chosen to withdraw from the contract ; and they must pay reasonable damages therefor. Besides, it may be said sufficiently to appear from the pleadings, that the old mill was stopped ; because it is averred that a dam was built below the old mill, and it is a necessary inference, that- the water was prevented from passing above it. If the dam is of a construction that would admit the water through it, so that the mill above could be wrought as it could before, the defendants might have denied the erection of the dam, such as was provided for in the indenture, or might have denied that the old mill had been stopped from grinding, or impeded by the erection of the new works. But it must be considered as admitted, that a perfect dam has been built ; and then it will follow, that the water has been entirely excluded from the mill above.
The result of this opinion upop the pleadings is, that the plaintiffs’ replication is adjudged good and sufficient; and, upon the facts agreed under the general issue, that the defendants Were bound by the deed declared on, in their private capacities ; and to ascertain the plaintiffs’ damages, there will be a hearing in chancery, upon the motion of the defendants.