### Dey *vs.* Dox & Mercer.

Where a *vendee* brought an action against a *vendor* for the non-delivery of a large quantity of wheat, which the latter had contracted to sell to the former at a stipulated price, and a recovery had for the full value of the wheat, although but a nominal sum to bind the bargain had been paid, and the *vendor* subsequently brought his action to recover the price of the wheat as stipulated in the contract, *it was held*, that the action would not lie; that the plaintiff ought in the former action to have insisted that he was only liable for the *difference* between the contract price and the value of the article, and having omitted to do so, he could not now bring a cross suit.

The *measure of damages*, where a *vendor* refuses to deliver an article of merchandize which he has agreed to sell, and where no money has been paid by the *vendee*, is the difference between the contract price and the value of the article at the time when it should have been delivered.

Where promises are mutual and independent, one party may maintain an action against the other without averring or shewing performance on his part, and the defendant in such case cannot plead the non-performance of the plaintiff in bar of the action; but whether the promises be independent or not, if the agreement is wholly *executory*, and the promise, covenant or performance on the one part is the consideration for the promise, covenant or performance on the other, a suit for the recovery of damages cannot be maintained by the party who has *refused to fulfil* his part of the agreement.

THIS was an action of *assumpsit,* tried at the Seneca circuit in June, 1830, before the Hon. DANIEL MOSELEY, one of the circuit judges.

The plaintiff proved a contract signed by the defendants in these words: "We have this day bought of David Dey 1280 bushels of first quality merchantable wheat, to be delivered on board of boats, at or near the store house of David Brooks, at any time we may require the delivery of the same after the first day of April next, and are to pay seventy-five cents per bushel, payable the first of September next, and have paid him one dollar on account of the same; Geneva, 26th March, 1828;" and claimed to recover the price stipulated in the contract. The defendants insisted that the plaintiff was not entitled to recover, unless he proved a delivery of the wheat, or an offer or readiness to do so. The judge ruled that the prom-

ises of the parties were *independent*, and refused to nonsuit the plaintiff. The defendants then proved a tender of the price and a demand of the wheat, made about the middle of September, 1828, and the refusal of the plaintiff to accept the money and to deliver the wheat—this evidence was objected to by the plaintiff. The plaintiff then introduced the record of the judgment in favor of the defendants against the plaintiff, docketed the 15th January, 1830, as of January term, 1830, by which it appeared that the defendants had sued the plaintiff for the *non-delivery* of the wheat, and obtained a verdict against him for $1670,92, *being the full value of the wheat* on the day it was demanded. In the record, however, there was a *remittitur* of $1005,25, stated to be the value of the wheat at $\frac{65}{100}$ per bushel, with the interest thereof, and judgment was taken for only $771,61, the balance of the verdict and the costs of increase. The plaintiff also proved the issuing of an execution on such judgment, which was delivered to the sheriff on the 16th January, 1830, directing the levy of $771,61, and that the same was returned satisfied ; all which evidence in relation to the judgment and execution was objected to by the defendants. The suit in this case was commenced on the 11th January, 1830, previous to which time the plaintiff demanded of the defendants the price of the wheat, as stipulated in the contract ; the defendants told him they would *remit* such price from their verdict, which the plaintiff said he would not accept, and that if they entered such remittitur, they would do so against his wishes and consent. The contract price of the wheat, with the interest thereof, was shewn to be $992,16, for which sum the jury found a verdict, notwithstanding the presiding judge in his charge to the jury expressed his opinion, that the plaintiff was not entitled to recover. The defendants now moved to set aside the verdict.

J. C. Spencer, for the defendants.

J. A. Spencer, for the plaintiff.

*By the Court,* NELSON, J. The plaintiff must fail upon principles too well settled to require examination, and the omission to avail himself of those principles, when prosecuted by the present defendants on the contract relative to this same subject matter, has no doubt given rise to the present suit ; for, had they been applied, he would have had no cause of complaint. If a greater amount in damages for a breach of his agreement has been recovered against him than the well settled principles of law would warrant, it is his own fault, and cannot be heard or admitted as a sufficient reason to indulge him in a cross suit to right himself. But before inquiring to see if, upon principles of law and justice, the whole subject of litigation arising upon this agreement could not have been properly adjusted in the former suit, I will examine this case for the present as if the former suit was out of the question, and which is perhaps placing it upon the ground upon which it ought to have been litigated. It would then stand thus : the plaintiff, after being called upon to carry into execution the agreement on his part, peremptorily refused ; and while persisting in such refusal, instituted a suit for damages, for the non-fulfilment of the agreement on the part of the defendants. There is certainly no principle upon which such an action can be sustained, nor have we been referred to any authority in support of it. It cannot be that the plaintiff seeks to recover damages in the strictest sense of that term for the breach of the contract on the part of the defendants, for his own conduct is conclusive to shew that he considers the fulfilment of it an injury to him, and has therefore preferred the hazard of responding in damages himself, rather than carry it into execution. Can he recover the whole consideration for the wheat ? This would be unjust, for he has positively refused to deliver the wheat when demanded, unless, indeed, under the idea that they are independent agreements, the court is bound to afford to each party a specific performance, or its equivalent in damages. Suppose the court should do so, how would the case then stand ? The plaintiff would recover the consideration to be paid for the wheat, and the defendants the same sum for the non-delivery of it, besides such damages as a jury would allow for the default in not

NEW-YORK,
May, 1832.

Dey
v.
Dox.

NEW-YORK,
May, 1832.

Dey
v.
Dox.

delivering it. It is obvious from this view, that confining the remedy for a violation of this contract to a suit for damages against the party violating it, the result is exactly the same to both parties as that to which we arrive after the above circuity of action, and I apprehend that such is the well settled law of the case. It is true, where the covenants or agreements are mutual and independent, that is, mutual and distinct, one party may maintain an action against the other without averring or shewing performance on his part, and the defendant in such case cannot plead the non-performance by the plaintiff in bar of the action. *Wheaton's Selwyn*, 383. 1 *Saund.* 320, *n.* When this principle is rightly understood and applied, there can be no objection to it; and the sound reason given for it is, that the damages in each covenant or agreement may be very different, as where they are in the same instrument and the one not the consideration of the other, or where the covenants or agreements go only to part of the consideration on both sides, part having been executed, and the like cases; in all such the damages might be different, and a remedy must be sought in a suit by each party for a breach. So the terms of the instrument may be such that the covenants or agreements must necessarily be independent, without the existence of the reason above assigned; in such case, the court will carry into effect the agreement, according to the intent of the parties; but whether the covenants or promises are independent or not, where the agreement is wholly executory, and the one covenant or promise or performance is the consideration for the covenant or promise or performance of the other, it may be stated with confidence that there is no principle or authority which will maintain a suit at law by a party who has positively refused to fulfil his part of the agreement against the other to recover damages for a breach of it. Though the consideration of the defendants' covenant or promise cannot be said technically to have failed, the principle and reason of that rule have a strong application, but perhaps the best reason is, that this circuity of action, as I trust has already been shewn, is wholly unnecessary, and therefore should not be sanctioned by the court. The case of *Van Benthuysen* v. *Crapser*, 8 *Johns. R.* 257, I consid-

NEW-YORK,
May, 1832.

Dey
v.
Dox.

er as containing the principle I am here applying to this case. See also 13 *Johns. R.* 365. Mr. Justice Marcy, in delivering the opinion of the court, when this agreement was before under consideration, 3 *Wendell*, 356, referred to *Van Benthuysen* v. *Crapser*, and distinguished it from that case ; but the distinction taken confirms its application here.

It seems to be considered by the counsel for the plaintiff that if one of the promises in the agreement is independent, the other must be so also ; and as it has been decided by this court, 3 *Wendell*, 356, that the plaintiff's promise to deliver the wheat was independent, therefore the defendants' promise to pay the money must be also independent. This is an entire mistake. In all cases (except concurrent promises, where the performance of both takes place at the same time) where the performance of one promise is a condition precedent, and must, be performed or excused before the right of action exists for the breach of the other promise, the one is independent and the other dependant. The definition of a dependant covenant or promise shews this : If A. covenants to do or to abstain from doing a certain act, in consideration of the prior performance of some covenant on the part of B., A.'s covenant is termed a dependant covenant, because B.'s right of suing A. for a breach of this covenant *depends* upon the prior performance, or what is equivalent, of the covenant to be performed by B., which, from its nature, is termed a condition precedent. Now it is obvious that the covenant of B. is independent, because it must be performed without reference to the covenant of A., and for a breach of it, A. may recover damages without shewing a performance himself. Where the promises are concurrent there, either party seeking to enforce the agreement against the other must aver and prove performance on his part, or what is in law equivalent, before his right of action commences. There can be no doubt that the promise of the plaintiff in this suit was independent, upon the reasons and authorities given by the court, 3 *Wendell*, 356; but is not that of the defendant dependant ? One of the rules of construction applicable to questions of this kind from the same high authority there referred to is, that " when a day is appointed for the payment of money, &c. and the day is to hap-

pen *after* the thing, which is the consideration of the money, &c. is to be performed, no action can be maintained for the money, &c. before performance. 1 *Saund.* 320, *b.* In the case under consideration, by the terms of the agreement, the delivery of the wheat became due, and demandable on the first day of *April*, and the consideration money therefor was not to be paid until the first of *September* thereafter. Applying the above rule, the delivery of the wheat is a condition precedent, which must be performed, or that must be done which is equivalent in law, before this suit can be sustained for a breach of the agreement by the defendants. It may be remarked that this rule, and the one upon which the case in 3 *Wendell* was decided, so far as the dependancy or independency of the promises were concerned, are conclusive to shew that one of the covenants or promises in an agreement may be dependant and the other independent. If the money is to be paid on a day fixed before the act is to be done for which it is the consideration, the payment of the money does not depend upon the performance of the act— the promise is independent ; but the performance of the act may depend upon the payment of the money—that promise may be dependant. If the money is made payable after the act is to be performed, the performance of the act does not depend upon the payment of the money, but according to the rule I have above referred to, the payment of the money depends upon the performance of the act ; that is, this case. The payment of the money was fixed at a day *after* the plaintiff was bound to deliver the wheat ; by the terms of it, therefore, the defendants were not to trust to the credit or personal responsibility of the plaintiff, but had a right to have possession of the wheat before they parted with their money. This may be no great matter here, where all parties are responsible, but the rule is no less valuable, and must be universal in its application.

The rule to which I have before referred, and which ought to have been applied to the defence on the former suit by the then defendant, and would have adjusted all the rights of the parties without further litigation upon principles of law and justice, and which has been very fully considered by this court,

will be found in the case of *Clark* v. *Pinney*, 7 *Cowen*, 681. The principle of that case is, that where the vendor is in default for not delivering goods or chattels in pursuance of the contract of sale, and no money has been advanced by the vendee, the true measure of damages is the difference between the contract price and the value at the time the article should have been delivered; and the reason of the rule is conclusive, to wit, that such damages, added to the contract price which the vendee has not parted with, will enable him to buy the article in the market. It is obvious, if this rule had been applied, the plaintiff here would have had no cause of complaint, and his omission to apply it cannot be remedied in this suit. This principle itself is sufficient to defeat this action without the interposition of any other, and settles, with the utmost exactness, all rights and remedies upon the agreement, with the least possible litigation.

The view I have thus taken of the case, renders it unnecessary to examine many of the questions raised; those which have been examined were raised upon the trial.

New trial granted, costs to abide the event.