### GRANT *vs.* JOHNSON.

Where a covenant goes only to *part* of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for a breach of the covenant on the part of the defendant, without averring performance by the plaintiff.

The plaintiff, in consideration of $950, to be paid in instalments, agreed to sell to the defendant a piece of land, and covenanted to give possession on the 1st of November, 1845, and to convey by deed on the 1st of May, 1846, " if the above conditions are complied with;" and the defendant covenanted to pay the $950 in instalments, payable at different times. The plaintiff gave possession of the premises, and the defendant paid the first instalment according to the terms of the agreement, but failed to pay the second; *Held,* that each party having in part performed the agreement, all the remaining covenants were independent, except that relating to the giving of the deed; and that the plaintiff could maintain an action for the second instalment of the purchase money, without averring that he had given, or tendered, a deed to the defendant.

Grant *v.* Johnson.

THIS was an action of covenant, on an agreement of which the following is a copy: "Articles of agreement, made and agreed upon the twenty-fourth day of August, in the year one thousand eight hundred and forty-five, between Robert Y. Grant, of the town of Neversink, and John Johnson, of the town aforesaid, of the second part, witnesseth, that the said party of the first part for the consideration of the sum of nine hundred and fifty dollars, to be paid as follows, to wit, two hundred to be paid on the first day of April next, two hundred dollars to be paid on the first day of April, 1847, the remainder in two annual payments of equal amount, to be paid on the first of April, of the two succeeding years, together with the interest from the first of April next, agrees to sell to the said party of the second part, a certain piece or parcel of land lying and being in the town of Neversink, and known as part of the Reed farm, beginning at a stone set in the ground in the centre of the road near the bridge, and running thence to the mill race, thence up the board fence to opposite the gates or bulkhead, thence west to the centre of the Neversink river, thence down said river in the manner specified in the deed from the Le Roys to Austin Strong, until opposite the road leading from the place of beginning to the river, thence north up the centre of said road to the place of beginning, supposed to contain about 12 acres, be the same more or less. And the said party of the first part agrees to give the said party of the second part the quiet and peaceable possession of the said premises on the first of November next, with the exception of certain privileges granted to Nicholas Wakely, and described in an article between said Wakely and Austin Strong, and certain other privileges granted to Teunis Misner and described in an article between said Misner and R. Y. Grant. And the said party of the first part further agrees to give the said party of the second part a good and sufficient warrantee deed for the same, on the first of May next, if the above conditions are complied with. And the said party of the first part further agrees to give the said party of the second part the privilege of repairing the said bulkhead which is on his land, and the privilege of entering on

Grant *v.* Johnson.

his land for the purpose.   In witness whereof we set our hands and seals the 24th day of August, 1845.

ROBERT Y. GRANT. [L. S.]

JOHN JOHNSON."   [L. S.]

The suit was brought to recover the instalment of $200, which fell due on the 1st of April, 1847.   The plaintiff averred, in his declaration, that he gave the defendant possession of the premises on the 1st of November, 1845, and was ready to convey, according to the true intent and meaning of the article of agreement, on the 1st of May, 1846.   The defendant demurred to the declaration, and assigned for cause of demurrer, that it was not averred in the declaration that the plaintiff ever gave, or tendered, a deed.

*A. C. Niven,* for the plaintiff.

*G. W. Lord,* for the defendant.

*By the Court,* PARKER, J.   I think the defendant's counsel is mistaken in supposing that this case falls within the rule stated in the second subdivision of Sergeant Williams' note to *Pordage* v. *Cole,* (1 *Saund. Rep.* 320.)   I understand that rule only to be applicable, where the act to be done, and the payment of the money afterwards to be made, form each the entire consideration for the other.   Such was the case in *Dey* v. *Dix,* (9 *Wend.* 133,) where this rule was applied, and I do not find that it has ever been extended further.   A different rule prevails where the covenant sued on is but *a part* of the consideration ; and it is stated in the third subdivision of Sergeant Williams' note above referred to, as follows : "Where a covenant goes only to *part* of the consideration on both sides, and a breach of such covenant may be paid for in damages, *it is an* independent covenant, and an action may be maintained for a breach of the covenant on the part of the defendant, without averring performance, in the declaration."   This doctrine has been fully recognized by the authorities.   (*Tompkins* v. *Elliot,* 5 *Wend.* 496.   *Dey* v. *Dix,* 9 *Id.* 132.   *Bennet* v. *Pixley,* 7

*John.* 249. *Payne* v. *Bettisworth,* 2 *Marsh.* 429. *Obermyer* v. *Nichols,* 6 *Binn.* 166.) And I think it is controlling in this case.

The agreement in question was made on the 24th of August, 1845. The plaintiff covenanted to give possession on the 1st of November, 1845, and to convey by deed on the 1st of May, 1846, "if the above conditions are complied with." And the defendant covenanted to pay $950, as follows, viz. : $200 on the 1st of April, 1846, $200 on the 1st of April, 1847, $275 on the first of April, 1848, and $275 on the 1st of April, 1849. The plaintiff gave the defendant the possession of the premises, and the defendant paid the first instalment of $200, according to the terms of the agreement. Each party had, therefore, in part performed the agreement ; and I think all the remaining covenants were independent, except the giving of the deed to the defendant, which it was expressly provided should depend on the defendant's performing the conditions on his part. In addition to the plaintiff's covenant to convey by deed, on which the plaintiff was liable at the pleasure of the defendant, the defendant had enjoyed the possession of the premises seventeen months when the second instalment fell due ; whether the first instalment, which was paid, was more or less than the value of the use and occupation of the premises, is not material, and cannot affect the principle involved. It is enough that each party had received the benefit of a part performance, and that what remained to be performed on one part did not form the sole and entire consideration for what remained to be performed on the other part. It is evident, therefore, that exact justice cannot be administered, under such circumstances, except by holding the remaining covenants to be independent, and making each party responsible in damages, to the extent to which he shall fail to perform.

In *Tiletson* v. *Newell,* (13 *Mass.* 406,) it was held that if there be any consideration for the covenant of one party, besides the covenants of the other, and that consideration has been received by the former, his covenant will be considered as independent. Where payments are to be made at different times,

Grant v. Johnson.

the covenants to pay are held to be independent. Where A., by articles of agreement dated September 9th, 1807, covenanted to execute a deed in fee to B., on the 15th of May, 1808, and B., in consideration thereof, covenanted to pay A. $50, in four weeks after the date of the agreement, $50 in three weeks thereafter, $900 on the 15th of May, 1808, &c. the covenants were held to be mutual and independent. ( *Wilcox* v. *Ten Eyck*, 5 *John. Rep.* 78. *Robb* v. *Montgomery*, 20 *Id.* 15.)

It will not be controverted that an action will lie to recover an instalment payable *before* the deed is to be delivered; such covenant to pay being independent. This has been frequently held. (2 *Pick.* 300.  5 *Cowen*, 509.  4 *Wend.* 377.  10 *John.* 203.  2 *Id.* 145.  *Minor*, 21.  2 *Bibb*, 15.) In this case the plaintiff could have sued for the first instalment of $200 when it fell due, on the 1st of April, 1846. He would not have been required to wait one month longer, till the time fixed for him to execute the deed. And the covenant to pay, being independent, it followed that the covenant subsequently to convey was also independent. In *Gardner* v. *Corson*, (15 *Mass.* 503,) Jackson, J. says: "If he (the defendant) had covenanted to pay any substantial part of the consideration money before the delivery of the deed, that would show that he relied on the covenants of the plaintiff; and that he did not intend to make the performance by the plaintiff the condition of performance on his part."

The case of *Weaver* v. *Childress*, (3 *Stew.* 361,) goes still further than the plaintiff claims, in this case. There A., under covenant, sold land to B., for a sum certain, and B. agreed to pay one half thereof on the first day of January thereafter, on or before which day A. covenanted to give him possession, and the other half thereof on the subsequent January, at which time A. covenanted further to make B. valid titles; and it was held that these were mutual and independent covenants. And in a suit brought by A. after the time when he was to make title had elapsed, to recover the purchase money of B., who was presumed to be in possession, an averment in the declaration

of A.'s' ability and readiness to convey, was held to be sur-plusage.

Even where the covenants are dependent, when the plaintiff has performed a part for which he can have no other remedy than by action on the covenant, an action may be maintained in the same manner as if the covenants were independent. (*Lewis* v. *Weldon*, 3 *Rand.* 71.)

There must be judgment for the plaintiff on the demurrer, with leave to the defendant to amend on payment of costs.

---

SAME TERM.    *Wright, Watson, and Parker*, Justices.