Argued 27 December, 1899; decided 8 January; rehearing denied 19 February, 1900.

## FABER v. HOUGHAM.

[59 Pac. 547, 1111.]

1. CONTRACTS—PRECEDENT CONDITION.—It is a general rule regarding covenants in contracts that when one of two promises is to be performed before the other, the performance of the first is a condition precedent to the performance of the latter; thus, where a grower agreed to sell and deliver a quantity of hops at a stated price per pound, payable in three installments, the buyer cannot sue the seller for damages on account of nondelivery unless he has paid the installments, for such payments are conditions precedent to the right to a delivery.

2. BREACH OF EXECUTORY CONTRACT—RIGHT TO DAMAGES.—In an action for breach of an executory contract of sale, defendant's failure to return the payment made at the time of signing does not relieve the plaintiff from performing a condition precedent to his right to recover.

From Marion : GEO. H. BURNETT, Judge.

Action by Faber & Neis against C. R. Hougham for damages, wherein plaintiffs recovered judgment.

REVERSED.

For appellant there was a brief over the name of *Shaw, Hunt & McCulloch*, with an oral argument by *Mr. J. W. McCulloch*.

For respondents there was a brief and an oral argument by *Messrs. Woodson T. Slater* and *Wm. M. Kaiser*.

MR. JUSTICE BEAN delivered the opinion of the court.

This is an action to recover damages for the breach of a written contract made on the ninth day of September, 1896, whereby the defendant agreed to sell and deliver to the plaintiffs, fourteen thousand pounds of hops then growing on his farm, after they were picked, cured, and baled, for which the plaintiffs agreed to pay five cents a pound, $1 of which was paid at the time the contract was made, three and one-half cents a pound were to be paid at the time of picking the hops, on or about September 15, and the balance after delivery and acceptance. The complaint sets out the contract in full ; alleges that immediately after its execution it was mutually agreed between the parties that the payment of three and one-half cents a pound should be made at the Bank of Woodburn ; avers full performance by plaintiffs of the contract as so modified, and the defendant's refusal to deliver the hops as agreed, to their damage in the sum of $1,200. The answer admits the making of the contract set out in the complaint, but denies the alleged oral modification thereof, and for a further and separate defense alleges that the plaintiffs failed, neglected, and refused to pay the three and one-half cents a pound, or any part thereof, accord-

ing to the terms of the contract, and that upon such refusal the defendant elected to, and did, declare the contract rescinded. A reply was filed, denying the new matter alleged in the answer, and upon the issues joined the cause went to trial before a jury. The plaintiffs gave evidence tending to prove the oral agreement set out in the complaint, compliance on their part with the contract as so modified, and the price of hops at the date and place fixed by the written contract for their delivery. The defendant, on his part, gave testimony contradicting the plaintiffs' evidence as to the alleged oral modification of the contract, but there was no conflict as to the value of the hops. When the defendant rested, the court, on motion of the plaintiffs, directed a verdict in their favor for the market value of the hops, less the contract price ; and from the judgment entered thereon this appeal is taken.

This ruling must have been predicated upon the assumption that a failure on the part of the plaintiffs to make the payment of three and one-half cents a pound as agreed would not preclude them from recovering damages for the subsequent failure of the defendant to deliver the hops, because there was a conflict in the testimony as to whether the plaintiffs had complied with the contract in this regard ; and, unless such issue was immaterial, it ought to have been determined by the jury, and not by the court.

1. Now, it is familiar law that, if an action be brought on the covenants of an executory contract, it is necessary, as a general rule, for the plaintiff to aver and prove full performance on his part ; but it is claimed that this rule is inapplicable here, because the agreement by the defendant to deliver the hops was independent of the covenant to pay the three and one-half cents a pound at the specified time. It is often very difficult to determine the character of the respective promises of parties to a con-

tract, and this difficulty has given rise to much conflict
between the adjudged cases. The old cases turned upon
a technical construction of the language used, but the
tendency of modern decisions is that the covenants in a
contract should be construed as either dependent on or
independent of each other, according to the meaning and
intent of the parties, and the justice and good sense of
each case. And it does not follow, because one of the
promises is independent, the other must be, also : *Dey* v.
*Dox*, 9 Wend. 129 (24 Am. Dec. 137). These questions
are learnedly discussed by Mr. Clark in his excellent work
on Contracts ; and, as applicable to the case in hand, we
take the rule to be as stated by him,—that, "when it ap-
pears that one of two covenants or promises is to be per-
formed at an earlier date than the other,   *   *   *   the
rule is simple and uniform, namely, that the covenant or
promise that is to be performed first is independent and
absolute, while the one that is to be performed last is de-
pendent; the performance of the former being a condi-
tion precedent to the performance of the latter :" Clark,
Cont. 655. Under this rule the payment to be made at
the time of picking the hops is independent, in the sense
that an action could have been maintained thereon by the
defendant without averring performance on his part ; but
it was, under the circumstances of the case, a condition
precedent to a delivery of the hops by the defendant, and
before the plaintiffs can recover damages for nondelivery
they must allege and prove performance of such covenant
on their part. It is said that "where one party agrees
to perform a certain act, as a consideration for something
which the other party agrees to do thereafter, an allega-
tion of performance by the former is necessary in an ac-
tion by him against the latter for nonperformance :" 4
Enc. Pl. & Prac. 635. Indeed, this seems to have been
the theory upon which the action was brought, because

the complaint alleges a full performance of the contract by the plaintiffs, and evidence was given on the trial tending to sustain such allegation; and, in our opinion, it was error for the court to rule that the question was immaterial, and that plaintiffs could recover, whether they had complied with the contract on their part in this regard or not.

2. It is claimed that defendant could not set up the nonperformance of the contract by the plaintiffs as a defense to this action, because he did not return or offer to return the dollar paid him at the time of signing the contract. But this is an action to recover damages for the breach of an executory contract. For the plaintiffs to recover, it is necessary for them to allege and prove performance, or its equivalent, on their part; and a failure of the defendant to return the amount received is no excuse for such nonperformance, whatever may be the plaintiffs' right in some other form of action: Bishop, Cont. § 1442 *et seq.* It follows that the judgment of the court below must be reversed, and the cause remanded for a new trial.                              REVERSED.

## ON PETITION FOR REHEARING.

PER CURIAM. The points made in the petition for rehearing were not overlooked in the original consideration of the case, but it was believed that the view expressed in the opinion is the better one, as applied to an action brought to recover damages for a breach of contract, such as is involved in this case.          REHEARING DENIED.