Argued 25 November; decided 22 December, 1902.

## OLIVER *v.* OREGON SUGAR COMPANY.

[70 Pac. 902.]

PAROL EVIDENCE TO EXPLAIN INDEFINITE AGREEMENT.

1. Where a written agreement is indefinite or uncertain, parol evidence may be received to explain the meaning of the parties, as witness this case: Plaintiff shipped to defendant in 1899 several car loads of sugar beets in cars belonging to three different roads, which defendant agreed to purchase at a stipulated price per ton. After the beets had been received and weighed, it was ascertained that the weights were incorrect, whereupon it was agreed that three specified cars, one from each road, should be loaded the next season by the plaintiff "in the same manner as the cars were loaded in 1899, viz., loaded full, with the sides built up with rows of beets, and rounded off as full as the cars will hold," and that these cars should form a basis of settlement for the beets previously shipped. *Held,* that the stipulation was indefinite and uncertain as to how the test cars were loaded the preceding year, and parol evidence was admissible to show how they had been actually loaded.

ENTIRE AND SEVERABLE CONTRACTS.

2. Whether a contract is severable or entire is a question of construction, depending upon the subject-matter and the language used by the parties to express their ideas; as applied to this case, where a seller, who was disputing with his purchaser over the loads of certain cars that had been delivered, agreed to receive three specified cars, each of which represented a class of cars theretofore delivered, and to load them as the cars in dispute had been loaded, and that the weights of such cars should be treated respectively as the weights of the cars in dispute, the agreement was severable, and the seller's refusal to accept and load one of the test cars did not preclude him from recovering a balance due on the cars of the classes other than that represented by the car refused.

From Union: ROBERT EAKIN, Judge.

Action by E. W. Oliver against the Oregon Sugar Company. From a judgment in favor of defendant, plaintiff appeals.

REVERSED.

For appellant there was a brief over the names of *Thomas H. Crawford* and *Turner Oliver,* and an oral argument by *Mr. Oliver.*

For respondent there was a brief and an oral argument by *Mr. John L. Rand* and *Mr. Leroy Lomax.*

MR. JUSTICE BEAN delivered the opinion.

This is an action to recover a balance alleged to be due on a sale of beets. Defendant had judgment, and plaintiff appeals.

In 1899 the plaintiff and Turner Oliver (who has since assigned his interest to the plaintiff) sold and delivered to the defendant thirty-three car loads of sugar beets at a certain stipulated price per ton. Ten of the cars were U. P. steel coal cars, fifteen were O. S. L. coal cars, and eight were O. R. & N. coal cars. After the beets had been received by the defendant at its factory, and weighed, it was ascertained that the railroad car scales were out of order, and did not weigh correctly. A controversy thereupon arose between the Olivers and the defendant as to the number of tons of beets actually delivered, and, as a basis for the settlement thereof, on February 2, 1900, it was stipulated and agreed in writing that the defendant would procure for the plaintiff during the beet-delivering season of that year the following cars, used in shipping beets the previous year, to wit., U. P. No. 81767, O. S. L. No. 3725, and O. R. & N. No. 1140, and that the plaintiff would load them "in the same manner as said cars were loaded during the campaign of 1899, viz., loaded full, with the sides built up with rows of beets, and rounded off as full as the cars will hold, and with the same number of wagon loads as they were, respectively, loaded with during the campaign of 1899; and that the wagon loads of beets so used in loading said cars shall be weighed by said second parties before loading same on the cars, and said car loads of beets shall be weighed on corrected scales at La Grande, said wagon-load weights being used in checking

up with said car-load weights in determining the accuracy of such weights; and it is mutually agreed that such verified car-load weights shall be used as a basis for estimating the weights of all the car loads of beets delivered at said sugar factory by said second parties during the season of 1899.'' It was impossible to procure the U. P. and O. S. L. cars specified and described in the contract at the time they were needed in 1900, and two other cars were, by mutual agreement, substituted for them, and used in their place. The O. R. & N. car, however, was in the railroad yards at La Grande, and, according to the defendant's testimony, plaintiff refused to accept or use it because it was too small, while, on the other hand, plaintiff testified that it could not be secured because it was loaded; and that upon the suggestion and at the request of the defendant's manager he agreed to accept another car of the same capacity, to be selected and sent to him by the defendant. A short time afterward the defendant sent an O. S. L. and a U. P. car to the plaintiff, who loaded them in the same manner as he contends the cars were loaded in 1899. Taking the weight of the beets thereon as a basis for determining the amount delivered during the previous year, there is a distinct balance due the plaintiff. The record contains several assignments of error, but they may all be grouped under two principal heads: (1) The admission of parol testimony to show the manner in which the cars containing the beets shipped by the plaintiff during the year 1899 were loaded; and (2) the instructions to the jury that, if plaintiff refused to accept and use the O. R. & N. car mentioned and specified in the agreement of February, 1900, and no other car was substituted therefor by consent of the parties, he could not recover in this action.

1. It is insisted that parol evidence was not admissible to show the manner in which the cars were loaded by the plaintiff in 1899, because the written contract, providing a method of settling the dispute between the parties as to the quantity of beets actually delivered, stipulated that such cars were ''loaded full, with the sides built up with rows of beets, and rounded off as full as the cars will hold,'' and this, it is contended, is

conclusive between the parties. The provision in question, however, is a mere recital of the manner in which the cars were loaded, and evidently was not intended to preclude all inquiry on that subject. It is inserted parenthetically, after the clause specifying that the test cars shall be loaded in the same manner as they were loaded in 1899, and is introduced with a videlicet, the office of which is to particularize or in some manner explain what has gone before: 19 Enc. Pl. & Pr. 257. The contract must be construed as a whole, and not with reference to a single and isolated provision. The agreement is that the cars shall be loaded in the same manner as they were the previous year, with the same number of wagon loads, but is indefinite and uncertain as to how they were actually loaded during that year, except the general statement that they were "loaded full, with the sides built up with rows of beets, and rounded off as full as the cars will hold. The height of the sides when built up, or of the beets when rounded off, and the manner in which they were placed on the cars, are all matters outside of the stipulation, necessarily depending upon parol testimony. The controlling feature of the agreement is that the cars shall be loaded by the plaintiff in 1900 in substantially the same manner as they were loaded the previous year, in order that a fair, reasonable, and just basis may be obtained from which to ascertain the number of tons actually delivered in that year. This was the manifest object of the agreement, and it should be given such a construction as will accomplish the intention of the parties.

2. After instructing the jury that it was the duty of the defendant to furnish the test cars mentioned in the contract, and that, if it failed to provide the particular O. R. & N. car specified, the O. S. L. car furnished by it, if about the same size, could be used as a test by which to ascertain the number of tons of beets shipped on the O. R. & N. cars, the court proceeded: "But if you find that car 1140 was in the yard, and Oliver refused for any reason to accept it as a test car, as mentioned in the contract, then he cannot use as a test car for weights of the O. R. & N. cars of '99 the O. S. L. car, and therefore can-

not recover in this action." And again: "I instruct you, gentlemen of the jury, that if you find that the plaintiff refused to accept the O. R. & N. car No. 1140, and to load the same as a test car, and that such car was tendered to him for that purpose by the defendant, and no other car was accepted in lieu of such car, then I instruct you that plaintiff has failed to comply with the stipulation, and you must find for the defendant."

These instructions proceed on the theory that the contract providing a method for the settlement of the dispute between the parties as to the quantity of beets delivered during the year 1899 is entire, and not severable, and that plaintiff cannot recover at all if he refused to accept and use the O. R. & N. test car specified therein. This is an erroneous interpretation of the contract. It is admitted that during the year 1899 the plaintiff sold and delivered to the defendant thirty-three car loads of beets, and that it agreed to pay therefor a certain stipulated price per ton. Each car load was weighed separately, and, if the beets on any one car weighed more than the quantity paid for, the plaintiff would certainly be entitled to recover the difference. The contract now under consideration was entered into between the parties as a method by which to ascertain the actual weight of each car load of beets delivered. By its terms the cars were, for convenience, divided into three classes, to wit, ten U. P., fifteen O. S. L., and eight O. R. & N. cars, a certain specified car of each class being selected and agreed upon by the parties as a means by which to ascertain the number of tons of beets shipped by that class. The refusal of the plaintiff, therefore, to accept or use a car intended as a test for ascertaining and determining the number of tons of beets shipped in a particular class, would not prevent him from recovering whatever might be due on the shipments made by the other two classes. The O. R. & N. car, which it is alleged he refused to accept and use, related only to eight of the thirty-three car loads of beets. The other car loads belonged to the other two classes, and were to be tested or measured by the two test cars agreed upon by the parties for that purpose. The right to recover on one class is not dependent on the right to

recover on another.   The plaintiff could refuse to use one of
the test cars without defeating a recovery under the contract
for what is actually due him for beets shipped by the others,
less such damages as the defendant may have suffered by such
refusal.   The beets were to be paid for by the ton, and when
the quantity delivered by either of the classes of cars specified
was ascertained the contract was thereby so far performed that
the rights and obligations of the parties with reference to such
car loads were fully fixed and established.   Whether a contract
is entire or severable is a question of construction, depending
upon the intention of the parties, to be ascertained and deter-
mined from the language employed, the subject-matter, and
the surrounding circumstances.   ''If the part to be performed
by one party,'' says Mr. Justice PRIM, ''consists of several dis-
tinct and separate items, and the price to be paid by the other
is apportioned to each item to be performed, or is left to be
implied by law, such a contract will generally be held to be
severable.   And the same rule holds where the price to be paid
is clearly and distinctly apportioned to different parts of what
is to be performed'': *Tenny* v. *Mulvaney,* 8 Or. 129, 137.   Ac-
cepting these well-recognized rules of construction, the contract
now under consideration must be regarded as severable and not
entire.

Counsel for the defendant argue that in making the contract
the parties were endeavoring to reach an equitable basis for the
settlement of the dispute then existing between them, and that
only by using all three of the cars could a general average, fair
and equitable to both parties, be established.   But, if this was
the intention of the parties, it is not apparent why three cars
should have been selected.   One, or at most two, would have
been sufficient to accomplish the purpose intended in such case.
Looking at the contract from any point of view, it is suscepti-
ble of no reasonable interpretation other than that the parties
intended to select a test car for each of the classes of cars used
in shipping beets during the year 1899, and that the selection
of one did not depend upon the selection of the others.

Attention is called to the fact that it appears from the state-

ment of weights of the several car loads delivered in 1899 that the O. R. & N. car mentioned in the compromise agreement was the smallest of that class, and that the U. P. car was the largest of its class, and it is argued that this shows an intention to make the selection of one depend upon the selection of the others. But this argument is based upon results obtained by weighing upon scales admitted to have been grossly out of order and incorrect, and therefore not reliable.

It follows that the judgment of the court below must be reversed, and a new trial ordered. REVERSED.