[Civ. No. 587.   Second Appellate District.—March 23, 1909.]

PAULINE LERETO KIGER, Appellant, v. THE Mc-
CARTHY COMPANY, a Corporation, Respondent.

SPECIFIC PERFORMANCE—INSUFFICIENT COMPLAINT—ADEQUACY OF CON
SIDERATION NOT SHOWN.—In an action for specific performance of a
contract for the sale of land, it is necessary that the complaint should
allege and show to the court an adequate consideration for the per-
formance of the contract; and when the complaint is wholly silent
on that subject, it states no cause of action for a specific perform-
ance.

ID.—FAILURE OF SHOWING AS TO CONSIDERATION—FINDING OUTSIDE OF
ISSUES NOT PREJUDICIAL—INABILITY OF DEFENDANT.—When there
is neither averment nor evidence as to an adequate consideration, a
finding outside of the issues as to the inability of the defendant to
perform the contract precluding a specific performance cannot
prejudice the plaintiff.

ID.—BREACH OF CONTRACT—EVIDENCE OF BAD FAITH—MEASURE OF DAM-
AGES.—Where there is evidence of bad faith of the defendant in
making the contract, showing that the legal title to the lot was
vested in another, the measure of damages includes not only the
detriment caused by the difference between the price to be paid and
the value of the lot, with legal interest thereon, and the sum paid on
the contract price, but also takes account of every installment paid,
and includes the legal interest on each from the date of its payment
to the date of the rendition of judgment, and also the amount of in-
terest paid by plaintiff on the deferred payments pursuant to the
terms of the contract.

ID.—INSUFFICIENT DAMAGES—TRIAL UPON WRONG THEORY—NEW TRIAL.
Where the damages awarded by the court for breach of the contract,
under the evidence, were insufficient, and it is manifest that the
case was tried upon a theory not authorized by the pleadings, the
judgment must be reversed, and a new trial ordered.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial. W.
P. James, Judge.

The facts are stated in the opinion of the court.

C. W. Pendleton, and M. C. McLemore, for Appellant.

Edward L. Payne, and Clifton Axtell, for Respondent.

SHAW, J.—An opinion affirming the decision of the trial court was filed herein December 21, 1908. Thereafter appellant's petition for a rehearing was granted, and the appeal is before us for further consideration.

The action is to enforce specifically a contract for the purchase of real estate. The complaint, which contains a copy of the contract, alleges that plaintiff tendered to defendant the amount due under and in accordance with the terms thereof, and that she fully performed all other conditions imposed thereby, and demanded from defendant a conveyance of the property in accordance with the terms of said contract; that defendant then and there refused to convey the same and ever since has refused so to do. The answer admits the tender; denies that defendant refused and continues to refuse to convey the property, but alleges at the time of the tender defendant did execute and offer to deliver to plaintiff a deed of conveyance substantially in the form called for by the contract, but that plaintiff refused and still refuses to accept the same. Defendant further alleged "that it is now ready, willing and able, and hereby offers to execute and deliver to said plaintiff a deed as called for by said contract or agreement upon the payment to it by said plaintiff of the balance due under said agreement."

The court found all of the issues in favor of plaintiff, and found that defendant had refused to comply with plaintiff's demand for a deed in accordance with the terms of the contract. It further found "that plaintiff is not willing to accept a deed, except in strict compliance with the contract; that the plaintiff is entitled to specific performance, but specific performance cannot be enforced because the defendant cannot convey the property as it agreed to convey it under the contract." From these findings the court found as a conclusion of law that plaintiff was entitled to judgment for damages only.

Plaintiff appeals from the judgment so rendered, and from an order denying a motion for a new trial.

Appellant's chief contention is based upon the claim that the court's finding to the effect that defendant was unable to specifically perform the contract is not within the issues raised by the pleadings and contrary to the admitted facts alleged in the answer.

It is unnecessary to consider whether or not the court erred in so finding, for the reason that the complaint fails to state a cause of action for specific performance, and hence, conceding the alleged error, plaintiff's rights were not prejudiced thereby. Section 3391, Civil Code, provides that "specific performance cannot be enforced against a party to a contract in any of the following cases: 1. If he has not received an adequate consideration for the contract"; and in *Prince* v. *Lamb*, 128 Cal. 120, [60 Pac. 689], it is said: "He who seeks the specific enforcement of a contract must show in his complaint that such contract is not obnoxious to the foregoing inhibition of the Civil Code." In *Nicholson* v. *Tarpey*, 70 Cal. 608, [12 Pac. 778], it is said: "In actions for the specific performance of contracts for the sale of lands, it is necessary to allege and show to the court an adequate consideration for the performance of the contract sought to be enforced." To the same effect is *Windsor* v. *Miner*, 124 Cal. 492, [57 Pac. 386], and *Arguello* v. *Bours*, 67 Cal. 447, [8 Pac. 49]. Not only is there an entire absence of any allegation in the complaint showing adequacy of consideration for the purchase, but the record does not disclose a scintilla of evidence touching the subject. Therefore, in view of the fact that in no event could plaintiff be entitled under the pleadings to a decree for specific performance, she could not be prejudiced by said finding, even though conceded to be erroneous.

Regarding the complaint, then, by reason of the absence therefrom of any allegation as to the adequacy of consideration for said contract, as an action for damages for the breach thereof, it is apparent from the findings that the judgment in favor of plaintiff does not accord to her the full amount of damages to which she is entitled. By reference to section 3306, Civil Code, we find that "the detriment caused by the breach of an agreement to convey an estate in real property, is deemed to be the price paid, . . . with interest thereon; but adding thereto, in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach. . . ." The evidence tended to show bad faith on the part of defendant in that it appeared therefrom that the legal title to the lot was vested in another (*Margraf* v. *Muir*, 57

N. Y. 155; *Pumpelly* v. *Phelps*, 40 N. Y. 59, [100 Am. Dec. 468]), and the court gave judgment in favor of plaintiff for $150, "the difference between the price agreed to be paid and the value of the lot described in the complaint on file herein." It also gave judgment in favor of plaintiff for $191.80, "the sum paid on account of the contract price." It appears from the findings, however, that by the terms of the contract made on April 27, 1905, plaintiff paid in cash on account of the purchase price of $850 the sum of $50, and agreed to pay on the first day of each month thereafter the sum of $10 or more, together with interest at seven per cent per annum, payable quarterly, on deferred payments until the balance of the purchase price of $800 should be fully paid. It also appears "that plaintiff has fully performed all the conditions of said agreement required of her therein." It, therefore, appears that, commencing with May 1, 1905, down to August 7, 1906, plaintiff had paid in installments of at least $10 on the first day of each month an aggregate of $160, which, added to the first payment of $50, made $210. In addition, she was entitled, under the provisions of said section 3306, to interest on the amount so paid from the date of payment to the rendition of judgment, and also to an accounting for interest found to have been paid by plaintiff on the deferred payments pursuant to the terms of said contract. Hence, it is apparent that, while plaintiff is given judgment for the difference in the price of the lot agreed to be paid and the value thereof at the time of the breach of said contract, the judgment does not accord her the amount of money paid upon the purchase price thereof, together with interest thereon, nor include the interest paid by her quarterly upon the balance of the purchase price due under the terms of said contract, which in the aggregate amounts to a sum that will not permit the application of the rule *de minimis*.

On this account, as well as by reason of the fact that it is manifest the case was tried upon a theory not authorized by the pleadings, the judgment and order are reversed and a new trial ordered.

Allen, P. J., and Taggart, J., concurred.