Argued Nov. 1, decided Nov. 15, 1909.   Rehearing denied Feb. 15, 1910.

## LONGFELLOW v. HUFFMAN.

[104 Pac. 961.]

SALES—CONTRACT—BREACH.

1. Plaintiff sold defendant a flock of sheep, taking a note for the price payable on or before two years and secured by chattel mortgage. A month later defendant agreed in writing to deliver to plaintiff all the lambs of the flock for the next two years at a stipulated price per head, the amount to be credited on the note. Plaintiff contended that the agreement for the sale of lambs was absolute, while defendant insisted that it was merely further security for the payment of the note. Plaintiff before maturity of the note pledged it as collateral security. Defendants paid the note to the transferee before maturity and refused to deliver the lambs to plaintiff. Held that, even if the contract to deliver lambs was absolute, plaintiff, having transferred the note and thus put it out of his power to credit the agreed price thereon, to which defendants were entitled on making delivery, could not recover without a tender .of the agreed price to defendants in cash.

SALES—NATURE OF CONTRACT—ENTIRE OR SEVERABLE.

2. A contract to sell all lambs to be raised during the years 1905 and 1906 from a certain band of sheep owned by the sellers, at $1.50 a head, is severable, and not entire; the part to be performed by the sellers consisting of distinct and separate items, and the price to be paid being apportioned to each item to be performed.

CONTRACTS—BREACH—CONSTRUCTION OF CONTRACT—QUESTION FOR JURY.

3. In an action for breach of a contract, where the answer alleged that the contract was entered into for the purpose of further securing the payment of a note previously executed by defendants to plaintiff, which averment was denied in the reply, and it was impossible from an inspection of the writings executed by the parties to determine the issue, it should have been submitted to the jury.

From Wallowa:  JOHN W. KNOWLES, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This is an action by N. C. Longfellow against John W. and Arnold R. Huffman, partners as Huffman & Son, to recover damages for an alleged breach of an agreement. The facts are that on October 1, 1904, the defendants executed to the plaintiff a promissory note for $2,676,

Sig 16

payable on or before two years, and to secure the payment thereof they at the same time executed to him a mortgage of 35 bucks and 1,400 ewes, together with their increase. The defendants, as the parties of the first part, and the plaintiff, as the party of the second part, on November 2, 1904, subscribed their respective names to a contract, the material parts of which are as follows: "That in consideration of the price of one dollar and fifty cents ($1.50) per head to be paid therefor by the second party, the parties of the first part hereby agree to sell and deliver to the second party all the lambs to be raised during the years 1905 and 1906 from a certain band of sheep owned by the first parties, and branded with thus: T, in black paint. Said lambs to be delivered on or about October 1st, in each of said years, at some convenient corral in Wallowa County, Oregon, at which time of delivery the amount of the price of said lambs shall be credited on a certain promissory note executed by the first parties in favor of the second party, dated October 1, 1904, for the sum of $2,676 and interest. The second party hereby agrees to accept and receive said lambs at the time, place and price above specified, and to credit the amount of the price thereof on the promissory note above described."

The plaintiff on November 2, 1904 indorsed the note and assigned the mortgage to Frank Hershey. About October 1, 1905, the plaintiff, without tendering to the defendants any money therefor, demanded of them the increase of the mortgaged ewes during that year, but because of his inability to produce the note, so as to credit the value of the lambs thereon, they refused to comply with his request. The defendants afterward paid to Hershey the amount of the note, thereby securing its surrender. An action was instituted by the plaintiff herein to recover the damages alleged to have been sustained by such refusal of these defendants, and at the trial, a nonsuit having been given, the judgment was affirmed. *Longfellow* v. *Huffman,* 49 Or. 486 (90 Pac. 907.)

The plaintiff on October 1, 1906, tendered to the defendants the sum of $2,500, and demanded of them the increase of the ewes during that year, and, upon their refusal to deliver any part thereof, commenced this action, averring that in 1905 and 1906 the increase of the mortgaged sheep was 1,400 each year, which were of the value of $3 each at the times the respective deliveries should have been made; and that by reason of such failure on the part of defendants to keep the contract, he had been damaged in the sum of $4,200.

The answer denied the material averments of the complaint and alleged, in effect, that about October 1, 1904, the defendants purchased from the plaintiff a band of sheep and executed to him the note and mortgage mentioned; that as a part of the same transaction, and in order to induce them to make the purchase, he guaranteed them $1.50 per head for all lambs raised from such sheep in the years 1905 and 1906, and stipulated to pay them that sum on the delivery of the increase on or before October 1st of those years; that contemporaneously with the giving of the note and mortgage the agreement for the sale of the lambs, which was not signed until November 2, 1904, was consummated; that this contract was intended to be, and was, a part of the security given in addition to the chattel mortgage; that after assigning the note the plaintiff did not own, hold, or control the same, thereby discharging the defendants from all liability to him on the written agreement sued upon; that about September 1, 1905, they learned of such transfer, and that the plaintiff had put it out of his power to comply with the terms of the agreement, in consequence of which they notified him that they would not deliver to him any of the lambs, because of his inability to give them credit therefore; that on October 12, 1905, they paid to Hershey, the owner and holder of the note, the amount due thereon thereby securing a cancellation of the mortgage; that the

lambs so raised did not exceed 1,200 a year during 1905 and 1906; and that the market value of such increase in the former year on October 1st was $2.25 per head, and $2.50 for each lamb a year thereafter. A reply put in issue the allegation of new matter in the answer, and averred, *inter alia,* that the note was assigned as collateral security, and though Hershey was in the possession thereof, the plaintiff was the real owner and authorized by such holder to receive and credit payments thereon.

The cause having been tried, the jury, pursuant to the court's direction, but over objection and exception, found for the defendants, and, a judgment having been rendered in accordance therewith, the plaintiff appeals.

REVERSED.

For appellant there was a brief with an oral argument by *Mr. Daniel W. Sheahan.*

For respondent there was a brief over the names of *Messrs. Ivanhoe & Hodgin* and *Mr. Thomas H. Crawford* with an oral argument by *Mr. Crawford.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. In the former opinion it was said: "If it is true, as argued by plaintiff in his brief, but denied in his pleadings, that defendants voluntarily paid and discharged the promissory note before the time for performance had arrived, and thus by their own act put it out of the power of plaintiff to perform his part of the contract, that fact should have been averred in the complaint as an excuse for non-performance, and is unavailing to the plaintiff until so pleaded." *Longfellow* v. *Huffman,* 49 Or. 486 (90 Pac. 907, 910.) The complaint in the case at bar contains such an allegation, but we do not consider it material, because the promissory note stipulated that it could be paid on or before two years from October 1, 1904. The defendants exercised the right to discharge the note at any time prior to maturity, and it was imma-

terial whether the payment was made to the plaintiff or to Hershey, the assignee. The plaintiff did not have the promissory note in his possession on October 1, 1905, when he demanded of the defendants the increase of the band of sheep for that year, and for that reason he could not then credit on the negotiable instrument the value of the lambs which he expected to receive, and the defendants, before they parted with the title to their property, had the right to demand that the proper indorsement was made in their presence. Daniel, Neg. Ins. (5 ed.) § 1227. This author there says: "The party making payment should insist on the presentment of the paper by the party demanding payment, in order to make sure that it is at the time in his possession, and not outstanding in another." If, therefore, the plaintiff's theory of the case is correct, and the written agreement which forms the basis of the action was a contract of sale and not a mortgage, he was not able on October 1, 1905, to comply with the terms of the writing which required him "to credit the amount of the price thereof on the promissory note." As he did not produce the note and offer to make the proper indorsement thereon and as the defendants discharged the debt as authorized by the terms of the negotiable instrument, the only manner in which the plaintiff could put them in default was by tendering to them in money the value of the lambs at $1.50 per head. *Holmes* v. *Whitaker,* 23 Or. 319 (31 Pac. 705) ; *Faber* v. *Hougham,* 36 Or. 428 (59 Pac. 547, 1111) ; *Lewis* v. *Craft,* 39 Or. 305 (64 Pac. 809.) This was never done, and the plaintiff is therefore not entitled, under any view of the case, to any damages for not obtaining the increase of the sheep for the year 1905.

2. The trial court evidently proceeded on the theory that the contract sued on was entire, and that the plaintiff's failure to tender the value of the lambs raised in the year 1905 worked a forfeiture of all his rights to this

increase, thus authorizing the defendants to rescind the agreement, for which reason a verdict for the latter was directed. The legal principle thus adopted is amply supported by reputable authority. 24 Am. & Eng. Enc. Law (2 ed.) 1083; *Winchester* v. *Newton,* 2 Allen (Mass.) 492; *Bollman* v. *Burt,* 61 Md. 415; *Hill* v. *Blake* 97 N. Y. 216; *Wm. Knapp & Co., Inc.,* v. *San Joaquin Cigar Co.* (Cal. App.) 101 Pac. 929; *Norrington* v. *Wright,* 115 U. S. 188 (6 Sup. Ct. 12: 28 L. Ed. 366) ; *Roehm* v. *Horst,* 178 U. S. (20 Sup. Ct. 780: 44 L. Ed. 953). This court, however, is committed to a different rule announced by Mr. Justice PRIM in *Henny* v. *Vulvaney,* 8 Or. 129, 137, as follows: "If the part to be performed by one party consists of several distinct and separate items, and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by law, such a contract will generally be held to be severable. And the same rule holds where the price to be paid is clearly and distinctly apportioned to different parts of what is to be performed." To the same effect, see *Southwell* v. *Beezley,* 5 Or. 458, 461; *Oliver* v. *Oregon Sugar Company,* 42 Or. 276, 281 (70 Pac. 902) ; *Barnes* v. *Leidigh,* 46 Or. 43, 45 (79 Pac. 51.)

3. The answer alleged that the contract was entered into for the purpose of further securing the payment of the promissory note, which averment was denied in the reply. It is impossible from an inspection of the writings executed by the parties to determine this issue, and hence it should have been submitted to the jury, in failing to do which an error was committed. The judgment is therefore reversed, and the cause remanded to determine whether or not the agreement was intended by the parties as security or to evidence a sale, and, if the jury determines it to be the latter, then to find whether or not more than 1,200 lambs were raised by the defendants in the year 1906, and also to determine whether the value

thereof on October 1st of that year was more than $2.50 as alleged in the answer, and not exceeding $3, as averred in the complaint.                                        REVERSED.

MR. JUSTICE EAKIN, having tried the original cause in the lower court, took no part at the hearing, or in the consideration of this appeal.